

**COMMONWEALTH OF MASSACHUSETTS**
SUFFOLK COUNTY CIVIL
Docket Report

2484CV02856 Lawrence, Vincent vs. Shein US Services, LLC et al

| | |
|---|---|
| **CASE TYPE:** Torts | **FILE DATE:** 10/30/2024 |
| **ACTION CODE:** B99 | **CASE TRACK:** F - Fast Track |
| **DESCRIPTION:** Other Tortious Action | |
| **CASE DISPOSITION DATE:** 12/05/2024 | **CASE STATUS:** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** 12/05/2024 |
| **CASE JUDGE:** | **CASE SESSION:** Civil D |

| PARTIES | |
|---|---|
| **Plaintiff**<br>Lawrence, Vincent<br>111 Atlantic Ave<br>#208<br>Boston, MA 02112 | **Attorney** **PROPER**<br>Pro Se<br>Massachusetts Bar·<br>Added Date: 10/30/2024 |
| **Defendant**<br>Lexington Motors Inc. dba Lexmo Business | **Attorney** **551285**<br>Mark A Darling<br>Litchfield Cavo LLP<br>Litchfield Cavo LLP<br>6 Kimball Lane Suite 200<br>Lynnfield, MA 01940<br>Work Phone (781) 309-1500<br>Added Date: 12/04/2024 |
| | **Attorney** **713912**<br>Katharine C Van Pelt<br>Litchfield Cavo LLP<br>Litchfield Cavo LLP<br>6 Kimball Lane<br>Suite 200<br>Lynnfield, MA 01940<br>Work Phone (781) 309-1528<br>Added Date: 12/04/2024 |
| **Defendant**<br>Shein US Services, LLC | **Attorney** **685163**<br>Brian Joseph Bosworth<br>Hunton Andrews Kurth LLP<br>Hunton Andrews Kurth LLP<br>60 State St<br>Suite 2400<br>Boston, MA 02109<br>Work Phone (617) 648-2800<br>Added Date: 11/15/2024 |
| **Defendant**<br>Sierra Club | |

**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
**Docket Report**

| | | FINANCIAL DETAILS | | | |
|---|---|---|---|---|---|
| **Date** | **Fees/Fines/Costs/Charge** | **Assessed** | **Paid** | **Dismissed** | **Balance** |
| 10/30/2024 | Civil Filing Fee (per Plaintiff)<br><br>Dismissed Type: Fee/Fine remitted due to finding of indigency.<br>Dismissed Date: 10/30/2024<br>Dismissed Amount: 240.00<br>Dismissing Clerk / Judge: Connolly, Hon. Rosemary<br>Dismissed By: BLBOOK84 | 240.00 | 0.00 | 240.00 | 0.00 |
| 10/30/2024 | Civil Security Fee (G.L. c. 262, § 4A)<br><br>Dismissed Type: Fee/Fine remitted due to finding of indigency.<br>Dismissed Date: 10/30/2024<br>Dismissed Amount: 20.00<br>Dismissing Clerk / Judge: Connolly, Hon. Rosemary<br>Dismissed By: BLBOOK84 | 20.00 | 0.00 | 20.00 | 0.00 |
| 10/30/2024 | Civil Surcharge (G.L. c. 262, § 4C)<br><br>Dismissed Type: Fee/Fine remitted due to finding of indigency.<br>Dismissed Date: 10/30/2024<br>Dismissed Amount: 15.00<br>Dismissing Clerk / Judge: Connolly, Hon. Rosemary<br>Dismissed By: BLBOOK84 | 15.00 | 0.00 | 15.00 | 0.00 |
| 10/30/2024 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b<br><br>Dismissed Type: Fee/Fine remitted due to finding of indigency.<br>Dismissed Date: 10/30/2024<br>Dismissed Amount: 5.00<br>Dismissing Clerk / Judge: Connolly, Hon. Rosemary<br>Dismissed By: BLBOOK84 | 5.00 | 0.00 | 5.00 | 0.00 |
| | **Total** | **280.00** | **0.00** | **280.00** | **0.00** |

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**SUFFOLK COUNTY CIVIL**
**Docket Report**

| | | INFORMATIONAL DOCKET ENTRIES | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 10/30/2024 | | Attorney appearance<br>On this date Pro Se added for Plaintiff Vincent Lawrence | |
| 10/30/2024 | | Case assigned to:<br>DCM Track F - Fast Track was added on 10/30/2024 | |
| 10/30/2024 | 1 | Affidavit of Indigency and request for waiver substitution of state payment of fees and costs filed without Supplemental affidavit<br>ALLOWED. | |
| 10/30/2024 | 2 | Original civil complaint filed. | |
| 10/30/2024 | 3 | Civil action cover sheet filed. | |
| 10/30/2024 | | EDocument sent:<br>A Tracking Order was generated and sent to:<br>Plaintiff: Vincent Lawrence 111 Atlantic Ave #208, Boston, MA 02112 | |
| 11/01/2024 | | Notice of 93A complaint sent to Attorney General | |
| 11/15/2024 | | Attorney appearance electronically filed. | |
| 11/15/2024 | 4 | Party(s) file Stipulation<br>to Extend Deadline<br><br>Applies To: Lawrence, Vincent (Plaintiff); Shein US Services, LLC (Defendant) | |
| 11/19/2024 | 5 | Amended: amended complaint filed by Vincent Lawrence | |
| 11/25/2024 | 6 | Defendant Lexington Motors Inc. dba Lexmo Business's Notice of<br>Motion to Dismiss Pursuant to Superior Court Rule 9E | |
| 12/04/2024 | 7 | Defendant Lexington Motors Inc. dba Lexmo Business's Notice of<br>Removal | |
| 12/04/2024 | | Attorney appearance<br>On this date Mark A Darling, Esq. added for Defendant Lexington Motors Inc. dba Lexmo Business | |
| 12/04/2024 | | Attorney appearance<br>On this date Katharine C Van Pelt, Esq. added for Defendant Lexington Motors Inc. dba Lexmo Business | |
| 12/05/2024 | | REMOVED to the U.S. District Court<br>of Massachusetts (US Dist#24-cv-13002) | |
| 12/05/2024 | | Case transferred to another court. | |

I HEREBY ATTEST AND CERTIFY ON
Dec.9,2024 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: Asst.Clerk

Printed: 12/09/2024 11:16 am    Case No: 2484CV02856    Page: 3

2

Suffolk

~~HAMPDEN~~, SS.
COURT

**COMMONWEALTH OF MASSACHUSETTS**

**SUPERIOR**

**SUFFOLK COUNTY**

---

VINCENT LAWRENCE,

         Plaintiff,

v.

SHEIN US SERVICES , LLC.

LEXINGTON MOTORS, INC. dba LEXMO

BUSINESS TRUST

SIERRA CLUB

         Defendant,

Civil Action No. 24-2856

---

### Verified Complaint

#### Preliminary Statement

1.      Vincent Lawrence ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Massachusetts Telephone Solicitation Act, M.G.L., c. 159C, (the "MTSA"), the Telephone Consumer Protection Act, ("TCPA") 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) (the "TCPA") a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

1

2.    Defendants Shein US Services, LLC. ("Shein"), Lexington Toyota, INC, ("Lexington"), and Sierra Club ("Sierra") promote their goods and services by engaging in unsolicited text messaging without plaintiffs express written consent which is contrary to 47 U.S.C. § 64.1200(c)(2) and M.G.L., c. 159C,

3.    Defendants' do not (1) maintain written policies and procedures regarding their text messaging marketing; (2) provide training to their personnel engaged in telemarketing; and/or (3) maintain a standalone do-not-call list.

4.    In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service".[] See *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012).[1]

5.    Through this action, Plaintiff seeks injunctive relief to halt Defendants' illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff.

## JURISDICTION AND VENUE

---

[1] under the TCPA's implementing regulations, express "*written* consent" is required for a call "that includes or introduces an advertisement or constitutes telemarketing" to a cell phone. 47 C.F.R. § 64.1200(a)(2).

6.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA").

7.      This Court has personal jurisdiction over Defendants Shein, Lexington and Sierra and venue is proper in this District because Defendants maintain their principal places of business in this District, direct, market, and provide their business activities to this District, because Defendants' unauthorized marketing scheme was directed by Defendants to consumers in this District, and because Defendants transact business in Massachusetts and/or contract to supply services or things in Massachusetts.

## **PARTIES**

8.      Plaintiff ("Vincent Lawrence") is a natural person who, at all times relevant to this action, has been and is a resident of Boston, Massachusetts located in Suffolk County.

9.      Defendant Services Shein LLC. is a Delaware limited liability company with its headquarters located in Los Angeles, California.

10.     Defendant Lexington Motors , Inc previous name of Lexington Toyota, Inc., ("Lexington") dba LEXMO BUSINESS TRUST is a family owned Car dealership since 1977 with locations in Lexington, Arlington, Belmont, Cambridge, Waltham, Somerville and Concord and is in the car sales and maintenance business.

11.     Defendant Sierra Club is a California 501(c)(4) nonprofit organization first incorporated in 1892 and headquartered in Oakland, California, Sierra Club Store sells apparel and offers ways to support the organization's mission.

3

12.     Defendants Shein, Lexington and Sierra directs, markets, and provides its business activities throughout the State of Massachusetts by sending unauthorized text messages in individuals cellar telephone without an emergency purpose and consent of the called parties.

13.     Unless otherwise indicated, the use of Defendant's Shein, Lexington and Sierra name in this Verified Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendants Shein, Lexington and Sierra.

## The TCPA and MTSA Imposes Personal Liability on Individuals who Participate in or Commission the TCPA Violations

14.     Under the TCPA and MTSA, individuals such as Defendants Shein, Lexington and Sierra are personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA which reads, inter alia: [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user as well as of that person.47. U.S.C. § 217.[2]

15.     Defendants Shein, Lexington and Sierra initiated a text message marketing campaign, in which it used and authorized third party telemarketers to make the calls (Text Messages) to plaintiff in an attempt sell their goods, services and promote defendants' Shein, Lexington and Sierra goods, location and hours.

---

[2] "The U.S Supreme Court has held "the Federal Communications Commission has ruled that, under federal common-law principles of agency, there is vicarious liability for TCPA violations. *In re Joint Petition Filed by Dish Network, LLC,* 28 FCC Rcd. 6574 (2013)." *Campbell-Ewald Co. v. Gomez,* 577 U.S. 153, 168 (2016).

16.    Defendants Shein, Lexington and Sierra approved, wrote, or reviewed the third party's telemarketing scripts.

17.    The defendants Shein, Lexington and Sierra submitted the script and encouraged, directed and authorized their third-party telemarketer agent to place the complained of outbound telemarketing text messages (Calls) to the Plaintiff on behalf of defendants Shein, Lexington and Sierra.

18.    The third party telemarketers acted as agents for defendants Shein, Lexington and Sierra.

19.    Defendants Shein, Lexington and Sierra gave the third party telemarketers authority to place the telemarketing campaign calls to the plaintiff as the defendants' Shein, Lexington and Sierra agents.

20.    The defendants Shein, Lexington, Sierra and their agents allowed the third party telemarketers access to their information and systems that normally would be within its exclusive control, such as detailed information regarding the nature and pricing of its products and services and any individual telephone number that may have opted in to receive such text.

21.    The defendants Shein, Lexington, Sierra and third party agents and telemarketers quoted price and products the defendants Shein, Lexington and Sierra were selling.

22.    Defendants Shein, Lexington, Sierra and their agents such as the president and compliance officers are personally liable under the "participation theory" of liability because they he are the controlling officer of Shein, Lexington and Sierra. Defendants agents authorized and had personal participation and setting company policies and oversaw Defendants Shein, Lexington and Sierra day-to-day operations and were clearly involved in the business practices that violated the TCPA and MGL 159 (Telemarketing) , their agents authorized and knew of

5

Shein, Lexington and Sierra telemarketing Text conduct and failed to intervene, and directed employees and/or agents or Third parties of defendants Shein, Lexington and Sierra to continue making those violations.

23.    Defendants Shein, Lexington and Sierra and their agents are also personally liable because they were responsible for ensuring compliance with his corporations Shein, Lexington and Sierra including TCPA and MTSA compliance.

24.    Defendants Shein, Lexington, Sierra and their agents knew (or reasonably should have known) their Texting Telemarketing Campaign was violating the TCPA and MTSA (or should have known) on its behalf and failed to take effective steps within its power to force the telemarketer to cease that conduct. Any reasonable seller that accepts "warm transfer" calls from lead generators would, and indeed must, investigate to ensure that those calls were made in compliance with TCPA and MTSA rules and regulations.

## **FACTS**

25.    Plaintiff received more than two unsolicited telephonic sales text (call) within a 12-month period by defendants Shein, Lexington and Sierra or on behalf of the same person or entity, each of Defendants Shein, Lexington and Sierra in violation of Mass. Gen. Laws ("M.G.L."), c. 159C.

26.    Plaintiff is, and at all times mentioned herein is a "person" as defined by 47 U.S.C. § 153(39).

27.    Defendants Shein, Lexington, Sierra and their agents and third party telemarketers have caused multiple text messages to be transmitted to Plaintiff's cellular telephone number 857-225-3862 without an emergency purpose or consent of plaintiff.

28.    Plaintiff utilizes the cellular telephone number for personal purposes and the

number is Plaintiff's residential telephone line.

29.    Defendants' Shein, Lexington, Sierra and their agents and third party telemarketers strategy for generating new customers involves the use of an automatic telephone dialing system ("ATDS") to send unsolicited text messages without an opt out link.

30.    Plaintiff began receiving an unusually high volume of calls and text messages to my telephone number 857-225-3862 without consent.

31.    Plaintiff registered his cellular telephone numbers 857-225-3862 on the National Do Not Call Registry and the Massachusetts Do Not Call Registry over 31 days before he started receiving calls from the defendants and their agents.

32.    Plaintiff is the subscriber and utilizes the cellular telephone number 857-225-3862 as his home telephone number for uses it for only for personal purposes and uses.

33.    The purpose of Defendants' Shein, Lexington and Sierra text messages was to advertise, promote, and/or market and/or to solicit the sale of consumer goods. *See* 47 C.F.R. § 64.1200(f)(9). *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 878 n.6 (9th Cir. 2014).

34.    Through this method, Defendants Shein, Lexington, Sierra shift the burden of wasted time to the consumers they called including plaintiff.

35.    In sending the unsolicited text messages, Defendants Shein, Lexington, Sierra and their agents employed the use of an ATDS, hardware and/or software with the capacity to use a random or sequential number generator to either store or produce phone numbers to be called.[3]

---

[3] See *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1173 (2021).

36.    The use of an ATDS is evident from the circumstances surrounding the text messages, including the text messages' commercial content and that they were sent from a long or short code -which is consistent with the use of an ATDS to send text messages.

37.    Defendants Shein, Lexington and Sierra intentionally caused and used a blocking device or service to circumvent the call recipient's use of a call identification service or device. This is contrary to M. G. L. c. 159C, § 4.

38.    Neither Shein, Lexington and Sierra nor their agents were registered with the Massachusetts Office of Consumers affairs and Business Regulation (the "Office") as a telephone solicitor.

39.    The Plaintiff has had no prior dealings, business transactions, or interactions with any of the defendants Shein, Lexington and Sierra contacting him at 857-225-3862. I have never conducted any business with these entities, nor do I have any outstanding obligations or connections to them. The Plaintiff's only association with these companies has been through the repeated, unsolicited calls and or text messages I received on my cellular telephone phone number.

## DEFENDANT SHEINS CONTENT OF THEIR UNARTHORIZED
## TEXT MESSAGES

40. Plaintiff received several text messages from Defendants Shein within a 12 month period and 31 day after my number was registered on the Do Not Call Registry which was contrary to the TCPA or the MTSA.

41. Defendants **Shein** have caused multiple text messages to be transmitted to Plaintiff's cellular telephone number, 857-225-3862. See Below.



## SIERRA TEXT MESSAGES TO PLAINTIFF

42. Defendants Sierra on February 1, 2024, at 12:34 AM calls was contrary to Statute 201 Mass. Reg. 12.02 "No telephone solicitor shall make or cause to be made an unsolicited telephonic sales call to a consumer 9:00 P.M. local time at the consumer's location.

9





43. Defendant Sierra also text plaintiff on December 8,2023, 10:27 am, and on December 27, 2023, at 3:11 PM which where contrary to the TCPA, MTSA.

## LEXINGTON TEXT MESSAGES TO PLAINTIFF



10

44. Defendant Lexington sent the plaintiff two text messages withing a 12 month period 31 days after plaintiff telephone number was registered on the National and Massachusetts State Do Not Call Registries, without consent or for an emergency Purpose.

45. Lexington sent the first text message on Friday August 2, 2024, at 9:25 PM. This text message is contrary to making any calls after 9pm local time at the consumer's location.

46. Defendants' Sheins, Lexington and Sierra failure to register as a telemarketer in Massachusetts and to get plaintiffs written express permission to text him were (1) knowing and willful; Defendants Sheins, Lexington and Sierra did not provide training to their personnel and or agents engaged in telemarketing; and/or (3) failed to maintain a reassigned list of numbers from the FCC to scrub against their telemarketing list.

47. Under M. G. L., c. 159C § 8, Defendants Sheins, Lexington and Sierra is responsible for Plaintiff's reasonable attorney's fees and costs.[4]

48. Defendants' Sheins, Lexington and Sierra telephonic sales calls caused Plaintiff harm, including inconvenience, invasion of privacy, aggravation, annoyance, wear and tear to his cell phone, loss of battery charge and life, and per-kilowatt electricity cost required to recharge his cellular telephone as a result of increased usage of plaintiff's cell phone services and violation of his statutory privacy rights.

49. Defendants' Sheins, Lexington and Sierra text messages also caused Plaintiff harm, including trespass, annoyance, nuisance, invasion of privacy, and intrusion upon seclusion.

---

[4] "In a civil proceeding resulting from a transaction involving a violation of this chapter, the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall be awarded reasonable attorney's fees and costs from the non-prevailing party. M. G. L., c. 159C § 8

50. Defendants' Sheins, Lexington and Sierra text messages also occupied storage space on Plaintiff's telephone and wore down my battery.[5]

51. Plaintiff has Article III, prudential and statutory standing to bring this lawsuit for violation of my privacy and unauthorized use and damage to my battery on my cellular telephone.

52. Businesses that violate TCPA laws are subject to harsh penalties. TCPA fines are steep, ranging between $500 and $1500 **per each individual violation.** A consumer providing sufficient documentation can recover up to $500 for each violation of the National Do Not Call Registry $500 per phone call that violates the TCPA rules $1,500 per phone call if the consumer can show that the business violated TCPA laws knowingly and willfully.

53. Plaintiff request each and every violation to be a fine to the Defendants Shein, Lexington and Sierra.

## COUNT I
### Violations of the Telephone Consumer Protection Act,
### 47 U.S.C. §227(b)(1)(A)- 47 CFR § 64.1200(a)(l)(iii)
### on behalf of Plaintiff
### Defendants Shein, Lexington and Seirra

54. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

55. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the Plaintiff's cellular telephone number using an ATDS and/or artificial or prerecorded voice.

---

[5] "Even one unsolicited, automated text message" is "a concrete and particularized injury" that provides Article III standing. *Chennette v. Porch.com*, 50 F.4th 1217, 1222 (9th Cir. 2022).

56. As a result of the acts of Defendants (and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf) in violation of the TCPA, 47 U.S.C. § 227, Plaintiff presumptively is entitled to an award of $500 in damages for each and every call made to his cellular telephone number using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

57. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

58. Defendants violated regulations of the TCPA including, but not limited to the following: No person or entity **may use an automatic telephone dialing system to any telephone number** assigned to a paging service, **cellular telephone service,** specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. 47 CFR § 64.1200(a)(l)(iii).

59. As a result of Defendants' knowing or willful conduct, Plaintiff request an award of $1500.00 in statutory damages per each violation of 47 U.S.C. §227(b)(1)(A).

## COUNT II
### Violation of the TCPA's DNC provisions
### 47 U.S.C. § 227(c)(5), and Codified at 4 7 CFR § 64.1200(c)(2).
### Defendants Shein, Lexington and Seirra

60. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

61. Defendants violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

62. Defendants' violations were willful and/or knowing.

63. As a result of Defendants' violations of the TCPA, 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of up to $500 in damages for each call made in violation of this section. The Court may award up to $1,500 if the violation was found to be "willful or knowing."

64. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants Best and Falls and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making calls advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry.

65. As a result of Defendants' knowing or willful conduct, Plaintiff is entitled to an award of $1,500.00 in statutory damages per each violation of the 47 U.S.C. § 227(c)(5).

66. No person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 4 7 CFR § 64.1200(c)(2).

## COUNT III
### (Violation of the MTSA )
### M.G.L., c. 159C, § 4 and 201 C.M.R. § 12.02(5) et al.
### Defendants Shein, Lexington and Seirra

67. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

68. Defendants made unsolicited telephonic sales calls to Plaintiff while I was registered on the Nation and State Do Not Call Registry.

69. Defendants made these calls to Plaintiff without express written consent or permission, in violation of M.G.L., c. 159C, § 1.

70. Defendants falsified and displaced caller identification, in violation of M.G.L., c. 159C, § 4 (and 201 C.M.R. § 12.02(5).

71. Defendants failed to register with the Office, in violation of 201 C.M.R., § 12.04. Telephone solicitors making calls to Massachusetts consumers are required "to properly register on an annual basis with the Office."

72. Defendants have failed to satisfy a basic, threshold requirement for conducting telephone solicitations in Massachusetts, that telephone solicitors must "have an approved registration prior to soliciting any Massachusetts consumers." 201 C.M.R., § 12.04(3).

73. Defendants have also failed to comply with the requirement of 201 C.M.R. § 12.04(3) that they keep and consult the latest version of the Massachusetts do-not-call registry.

74. As a result of this conduct, Defendants have violated the MTSA, and they are liable to Plaintiff for damages, including actual damages or statutory damages of up to $5,000 for each MTSA violation, whichever is greater.

## COUNT IV
### Violation of the Massachusetts Telemarketing Sales
### Do Not Call Provisions 159 c et al.
### Defendants Shein, Lexington and Seirra

75. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

76. Defendants made unsolicited telephonic sales calls to Plaintiff when Plaintiff cellular
telephone number was registered with the Massachusetts do-not-call registry, in violation of
M.G.L., c. 159C, § 3 (and 201 C.M.R. § 12.02(1).

77. As a result of this conduct, Defendants knowingly and willfully have violated the MTSA, and
they are liable to Plaintiff for damages, including actual damages or statutory damages of up
to $5,000 per violation, whichever is greater.

**COUNT V**

**VIOLATION OF MASSACHUSETTS GENERAL TELEPHONE SOLICITATION
REGULATION ACT**

**201 C.M.R. § 12.02 Calling after 9 PM**

**Defendants Lexington and Seirra**

78. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

79. Defendants Lexington and Seirra violated 201 C.M.R. § 12.02 § (1) No telephone solicitor
shall make or cause to be made an unsolicited telephonic sales call to a consumer if the
consumer's name and telephone number appear on the then current quarterly "do not call"
registry maintained by the Office of Consumer Affairs and Business Regulation as otherwise
detailed within 201 CMR 12.03.

80. Defendants Lexington and Seirra violated (2) No telephone solicitor shall make or cause to
be made an unsolicited telephonic sales call to a consumer between the hours of 8:00 p.m. to
8:00 a.m., local time at the consumer's location.

81. Defendants Lexington and Seirra (and/or their affiliates, agents, and/or other persons or
entities acting on Defendants' behalf) made unsolicited telephonic sales calls to Plaintiff
when Plaintiff was registered with the Massachusetts do-not-call registry, in violation of
M.G.L., c. 159C, § 3 (and 201 C.M.R. § 12.02(1)).

82. Defendant Lexington called the plaintiff on 9:23 P.M. on Friday August 2, 2024, and Defendant Sierra called plaintiff on Feb 1, 2024, 12:24 AM, in the morning local time at the consumer's /plaintiffs location, both calls being after 9 pm which is contrary to 201 CMR 12.03 *(2) No telephone solicitor shall make or cause to be made an unsolicited telephonic sales call to a consumer between the hours of 8:00 P.M. to 8:00 A.M., local time at the consumer's location.*

## COUNT VI
## VIOLATION OF
### Violations of the Massachusetts Consumer Protection Act, G.L. c. 93A
### Defendants Shein, Lexington and Seirra

83. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

84. At all times relevant the Defendants were engaged in trade or commerce within the meaning of G.L. c. 93A §2. And where not registered as a Telemarketer in Massachusetts with the Office of Consumer Affairs and Business Regulation before making telephone solicitations to the plaintiff a Massachusetts residents.

85. The Defendants have engaged in unfair and deceptive practices (acts) declared unlawful by G.L. c. 93A. Such acts of unfair competition include, but are not limited to, violations of the Telephone Consumer Protection Act, and the Massachusetts Telephone Solicitations Act, and the unreasonable invasion of Plaintiff's privacy and intrusion upon his seclusion.

86. Defendants engaged in unfair and deceptive practices (acts) which violated the MGL 93a when they refused to register with the office when they made telemarketing solicitation calls to the plaintiff, having failed to register with the Office of Consumer Affairs and Business Regulation before making telephone solicitations to the plaintiff a Massachusetts residents,

17

and without so registering it violated 201 CMR 12.04 § 1, and defendants committed an Unfair and Deceptive act which is a separate per se violations of G.L. c. 93A.

87. The Defendants have engaged in unfair and deceptive practices (Acts) declared unlawful by G.L.c. 93A. Such acts of unfair competition when they failed to register like other lawful telemarketers before placing telemarketing solicitation calls to the plaintiff without consent while I was on the National & State Do Not Call Registry.

88. It was also an unfair and deceptive practices (acts) for the Defendants to harass Plaintiff through harassing telemarketing calls to Plaintiff's cellphone without his prior express written consent, or for an emergency purpose when defendants where not registered with the office as other telemarketers had to do.

89. The Defendants engaged in unfair and deceptive practices (acts) by systematically placing, on a large scale, unsolicited and harassing telemarketing calls to consumers in Massachusetts including the plaintiff in order to aggressively market their products and or services, which results in substantial injury to Massachusetts consumers in the form of invasions of privacy, while giving the Defendants an unfair competitive advantage over businesses that solicit business lawfully.

90. The Defendants' phone harassment campaign that has been unleashed onto Plaintiff is against public policy, Privacy, immoral, unethical, and oppressive, and caused Plaintiff substantial harm was unfair and deceptive practices (acts).

91. Plaintiff was not required to send the Defendants Shein, and Seirra a 30-day Massachusetts Consumer Protection Act, G.L. c. 93A, Demand Letter, because defendants do not have property or offices here in Massachusetts.

92. Plaintiff only sent defendant Lexington a MGL 93 a Demand letter and they failed to respond.

93. The Defendants' violations of G.L. c. 93A were willful and knowing when they called after 9 pm.

94. Plaintiff is entitled to an award of attorney's fees, Triple and actual and punitive damages, and the multiplication of same under the provisions of G.L. c. 93A, as to each of the Defendants, without the right of contribution.

95. An award of punitive damages is appropriate because Defendants' conduct described above was outrageous, willful, and wanton, and showed reckless disregard for the rights of Plaintiff and Massachusetts consumers, generally.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants Shein, Lexington and Sierra and their officers, agents, employees, and third-party Telemarketers take affirmative steps to preserve all records, lists, electronic databases, Calls, Text messages or other itemization of telephone numbers associated with Defendants and the text messages for the last four years as alleged herein.

## PRAYERS FOR RELIEF SOUGHT

**WHEREFORE,** Plaintiff requests the following relief:

A.       Injunctive relief prohibiting Defendants Shein, Lexington and Seirra from calling telephone numbers advertising their goods or services, except for emergency purposes, to

plaintiff's telephone number on the National Do Not Call Registry using an ATDS and/or artificial or prerecorded voice in the future.

**B.** Because of Defendant's Shein, Lexington and Seirra violations of the TCPA, Plaintiff seeks $500 in damages for each violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3) and (c)(5).

**C.** Because of Defendants' Shein, Lexington and Seirra violations of 47 U.S.C. § 64.1200(c)(2), by engaging in and causing a pattern or practice of initiating telephone solicitations to Plaintiff's cellular phone without Plaintiff's express written consent on at two (5) occasions, knowingly and willfully, Plaintiff seeks $1500 in damages for each violation.

**D.** Because of Defendants' Shein, Lexington and Seirra violations of the Massachusetts Do Not Call Registry, Plaintiff seeks damages of up to $5,000 per violation, including actual damages or statutory whichever is greater.

**E.** An order declaring that Defendants' Shein, Lexington and Seirra actions, as set out above, violate the TCPA and MTSA.

**F.** An injunction requiring Defendants Shein, Lexington and Seirra to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list.

**G.** Award Plaintiff reasonable attorney's fees pursuant to M.G.L., c. 159C. and MGL 93a.

**H.** Award plaintiff Triple damages, Punitive, statutory and attorneys fees under the Massachusetts Unfair & Deceptive Trade Practices Act G.L.c 93 A.

**I.** Because of Defendants' Shein, Lexington and Seirra violations of M.G.L., c. 159C not being registered with the Office of Consumer Affairs and Business Regulation office

before making telephone solicitations to the plaintiff a Massachusetts residents while not being registered under 201 CMR 12.04 § 1, $5000 for each violation.

J. Such other relief as the Court deems just and proper.

# JURY DEMAND

Plaintiff request a jury trial as to all claims of the complaint so triable.

Respectfully submitted,                    October 28, 2024

Vincent Lawrence

Vincent Lawrence

857-225-3862

vlawrence02121@gmail.com

111 Atlantic Avenue, Apt. 208

Boston, MA 02110

857-225-3862

vlawrence02121@gmail.com

I HEREBY ATTEST AND CERTIFY ON
___Dec.9,2024_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:_____
(Asst.Clerk)

21

## VERIFIED LAWSUIT

I ,Vincent Lawrence is the Plaintiff in this civil proceeding before this court. I am over the age of 21 , I verify that I have personal knowledge of the facts stated above and hereby swear under pains and penalties of perjury that all of those facts are true and accurate.

Under the law, specifically 28 U.S.C. § 1746(2), I, Vincent Lawrence, am declaring under penalty of perjury that everything stated in this Verified Complaint is true and accurate to the best of my knowledge which I have firsthand knowledge and can testify in court about all the unauthorized text messages and calls to my personal cellular telephone.


Respectfully submitted

Vincent Lawrence

Vincent Lawrence

111 Atlantic Avenue Apt 208                          October 28, 2024

Boston, Ma 02110

Vlawrence02121@gmail.com

857-225-3862

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 24-2856 | Massachusetts Trial Court Superior Court |
|---|---|---|

**COUNTY** Suffolk Superior Court (Boston)

| Plaintiff | PRO SE / Vincent Lawrence | Defendant: | SHEIN US SERVICES , LLC. |
|---|---|---|---|
| ADDRESS: | 111 Atlantic Avenue, Apt 208 | ADDRESS: | 777 S. ALAMEDA  Street  2nd Floor |
| | Boston, Ma 02110 | | Los Angeles California  90021 |
| Plaintiff Attorney: | | Defendant: | Lexington Motors Inc. dba Lexmo Business |
| ADDRESS: | | ADDRESS: | 409 Massachusetts Avenue |
| | | | Lexington, Ma 02420 |
| BBO: | | | |
| Plaintiff Attorney: | | Defendant: | Sierra Club |
| ADDRESS: | | ADDRESS: | 120 SOUTH CENTRAL SUITE 400 |
| | | | Clayton, MI 63105 |
| BBO: | | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. B99 | TYPE OF ACTION (specify) Massachusetts Telemarketing Sales Act 159 C | TRACK F | HAS A JURY CLAIM BEEN MADE? ☒ YES   ☐ NO |
|---|---|---|---|

**\*If "Other" please describe:**

| Is there a claim under G.L. c. 93A? ☒ YES   ☐ NO | Is there a class action under Mass. R. Civ. P. 23? ☐ YES   ☒ NO |
|---|---|

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

  1. Total hospital expenses

  2. Total doctor expenses

  3. Total chiropractic expenses

  4. Total physical therapy expenses

  5. Total other expenses (describe below)        $2.05

| MGL Demand Letter to 1 Defendant |
|---|

Subtotal (1-5):    $2.05

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)    $121,500.00

| Statutory Damages under Massachusetts Telemarketing Sales Act 159 C, TCPA 47 U.S.C. §§ 227.and M.G.L c 93A Triple Damages |
|---|

TOTAL (A-F):    $121,502.05

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

|  |
|---|

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

AA1 Contract Action Involving Commonwealth, Municipality, MBTA, etc. (A)
AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. (A)
AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. (A)
AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. (A)

### CN Contract/Business Cases

A01 Services, Labor, and Materials (F)
A02 Goods Sold and Delivered (F)
A03 Commercial Paper (F)
A04 Employment Contract (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
A06 Insurance Contract (F)
A08 Sale or Lease of Real Estate (F)
A12 Construction Dispute (A)
A14 Interpleader (F)
BA1 Governance, Conduct, Internal Affairs of Entities (A)
BA3 Liability of Shareholders, Directors, Officers, Partners, etc. (A)
BB1 Shareholder Derivative (A)
BB2 Securities Transactions (A)
BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property (A)
BD2 Proprietary Information or Trade Secrets (A)
BG1 Financial Institutions/Funds (A)
BH1 Violation of Antitrust or Trade Regulation Laws (A)
A99 Other Contract/Business Action - Specify (F)

\* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

D01 Specific Performance of a Contract (A)
D02 Reach and Apply (F)
D03 Injunction (F)
D04 Reform/ Cancel Instrument (F)
D05 Equitable Replevin (F)
D06 Contribution or Indemnification (F)
D07 Imposition of a Trust (A)
D08 Minority Shareholder's Suit (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership (F)
D13 Declaratory Judgment, G.L. c. 231A (A)
D14 Dissolution of a Corporation (F)
D99 Other Equity Action (F)

### PA Civil Actions Involving Incarcerated Party ‡

PA1 Contract Action involving an Incarcerated Party (A)
PB1 Tortious Action involving an Incarcerated Party (A)
PC1 Real Property Action involving an Incarcerated Party (F)
PD1 Equity Action involving an Incarcerated Party (F)
PE1 Administrative Action involving an Incarcerated Party (F)

### TR Torts

B03 Motor Vehicle Negligence - Personal Injury/Property Damage (F)
B04 Other Negligence - Personal Injury/Property Damage (F)
B05 Products Liability (A)
B06 Malpractice - Medical (A)
B07 Malpractice - Other (A)
B08 Wrongful Death - Non-medical (A)
B15 Defamation (A)
B19 Asbestos (A)
B20 Personal Injury - Slip & Fall (F)
B21 Environmental (F)
B22 Employment Discrimination (F)
BE1 Fraud, Business Torts, etc. (A)
B99 Other Tortious Action (F)

### RP Summary Process (Real Property)

S01 Summary Process - Residential (X)
S02 Summary Process - Commercial/ Non-residential (F)

### RP Real Property

C01 Land Taking (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute Concerning Title (F)
C04 Foreclosure of a Mortgage (X)
C05 Condominium Lien & Charges (X)
C99 Other Real Property Action (F)

### MC Miscellaneous Civil Actions

E18 Foreign Discovery Proceeding (X)
E97 Prisoner Habeas Corpus (X)
E22 Lottery Assignment, G.L. c. 10, § 28 (X)

### AB Abuse/Harassment Prevention

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E (X)

### AA Administrative Civil Actions

E02 Appeal from Administrative Agency, G.L. c. 30A (X)
E03 Certiorari Action, G.L. c. 249, § 4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9 (A)
E07 Mass Antitrust Act, G.L. c. 93, § 8 (X)
E08 Appointment of a Receiver (X)
E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A (A)
E10 Summary Process Appeal (X)
E11 Worker's Compensation (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c.12, § 11H (A)
E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) (X)
E94 Forfeiture, G.L. c. 265, § 56 (X)
E95 Forfeiture, G.L. c. 94C, § 47 (F)
E99 Other Administrative Action (X)
Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B (F)
Z02 Appeal Bond Denial (X)

### SO Sex Offender Review

E12 SDP Commitment, G.L. c. 123A, § 12 (X)
E14 SDP Petition, G.L. c. 123A, § 9(b) (X)

### RC Restricted Civil Actions

E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S(X)

### TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES    ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
### ACCURATELY, THE CASE MAY BE DISMISSED.

| Signature of Attorney/Self-Represented Plaintiff: X _Vincent Lawrence_ | Date: October 28, 2024 |
|---|---|

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(6)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X _____ | Date: _____ |
|---|---|

I HEREBY ATTEST AND CERTIFY ON
__Dec.9,2024_____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

        John E. Powers, III
        Acting Clerk Magistrate
        SUFFOLK SUPERIOR CIVIL COURT
        DEPARTMENT OF THE TRIAL COURT

BY: _____
            Asst. Clerk

SC0001: 02/24                    www.mass.gov/courts                    Date/Time Printed:10-28-2024 12:25:50

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

---

VINCENT LAWRENCE,

*Plaintiff,*

v.

SHEIN US SERVICES, LLC,
LEXINGTON MOTORS, INC., d/b/a
LEXMO BUSINESS TRUST, and
SIERRA CLUB

*Defendants.*

Civil Action No. 2484CV02856

---

### JOINT STIPULATION TO EXTEND DEADLINE

Plaintiff Vincent Lawrence ("Plaintiff") and defendant SHEIN US Services, LLC ("Defendant"), by and through its undersigned counsel, hereby jointly stipulate and notice the Court that Plaintiff and Defendant have agreed to extend the time for Defendant to respond to Plaintiff's Verified Complaint as set forth below:

1.     Plaintiff and Defendant have agreed to extend the deadline for Defendant to respond to Plaintiff's Verified Complaint by ten (10) days, from November 25, 2024, to December 5, 2024.

2.     Good cause exists for this extension because Defendant requires additional time to investigate the factual allegations raised in Plaintiff's Verified Complaint. This extension will also allow the parties additional time to assess the merits of the claims raised in Plaintiff's Verified Complaint.

3.     This short requested extension will not impact any deadlines or the overall case schedule in this matter.

## CERTIFICATE OF SERVICE

I, Brian J. Bosworth, Esq., hereby certify that on this 15th day of November, 2024, a copy

of the foregoing was served by email and regular first class mail upon Plaintiff at the address

below:

Vincent Lawrence
111 Atlantic Avenue, Apt. 208
Boston, MA 02110
Vlawrence02121@gmail.com

/s/ Brian J. Bosworth
Brian J. Bosworth

3

4.    Plaintiff and Defendant do not seek this extension for the purpose of delay.

**WHEREFORE**, Plaintiff and Defendant respectfully request that this Court enter an Order in accordance with the relief requested in this Joint Stipulation.

Respectfully Submitted,

**SHEIN US SERVICES, LLC**

By its attorneys,

/s/ Brian J. Bosworth
Brian J. Bosworth (BBO # 685163)
HUNTON ANDREWS KURTH LLP
60 State Street, Suite 2400
Boston, MA 02109
(617) 648-2800
(617) 433-5022 (fax)
BBosworth@HuntonAK.com

**VINCENT LAWRENCE**

/s/ Vincent Lawrence
Vincent Lawrence
111 Atlantic Avenue, Apt. 208
Boston, MA 02110
Vlawrence02121@gmail.com
(857)-225-3862

I HEREBY ATTEST AND CERTIFY ON
Dec. 9, 2024        , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
                Asst. Clerk

Dated: November 15, 2024

2

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.
COURT

SUPERIOR

VINCENT LAWRENCE,

                    Plaintiff,

v.

SHEIN US SERVICES , LLC.

LEXINGTON MOTORS, INC. dba LEXMO

BUSINESS TRUST.

SIERRA CLUB.

                    Defendant,

**Civil action No. 24-2856**

## VERIFIED AMENDED COMPLAINT

### Preliminary Statement

1.    Vincent Lawrence ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Massachusetts Telephone Solicitation Act, M.G.L., c. 159C, (the "MTSA"), the Telephone Consumer Protection Act, ("TCPA") 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) (the "TCPA") a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.    Defendants Shein US Services, LLC. ("Shein"), Lexington Toyota, INC, ("Lexington"), and Sierra Club ("Sierra") promote their goods and services by engaging in unsolicited text messaging without plaintiffs express written consent which is contrary to 47 U.S.C. § 64.1200(c)(2) and M.G.L., c. 159C.

3.    Defendants' do not (1) maintain written policies and procedures regarding their text messaging marketing; (2) provide training to their personnel engaged in telemarketing; and/or (3) maintain a standalone do-not-call list.

## TELEPHONE CONSUMER PRATICES ACT

4.    In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service".[] See *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012).[1]

5.    Through this action, Plaintiff seeks injunctive relief to halt Defendants' illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff.

## MASSACHUSETTS  REGULATION 201 C.M.R. § 12.02(1)

---

[1] under the TCPA's implementing regulations, express *"written* consent" is required for a call "that includes or introduces an advertisement or constitutes telemarketing" to a cell phone. 47 C.F.R. § 64.1200(a)(2).

2

6. **201 C.M.R. § 12.02(1)** is a regulation under the Massachusetts Consumer Protection Act, specifically addressing telemarketing practices and implementing the Massachusetts Telemarketing Solicitation Act (M.G.L. c. 159C). It sets guidelines for telemarketers, including the permissible hours for making telemarketing calls.

7. **Relevant Provisions of 201 C.M.R. § 12.02(1):**
   This section states that telemarketers are prohibited from calling before 8:00 a.m. or after 8:00 p.m. local time at the called party's location.

8. This regulation complements M.G.L. c. 159C, § 3, which outlines additional restrictions on telemarketing practices, such as compliance with the Do-Not-Call Registry and providing required disclosures.

   **Enforcement and Penalties:**

9. Violations of 201 C.M.R. § 12.02(1) are enforceable under M.G.L. c. 159C and can result in statutory damages of up to $5,000 per violation, with the possibility of treble damages for willful or knowing violations under M.G.L. c. 159C, § 8 OF $15,000 per violation.

10. Additionally, violations may also constitute unfair or deceptive acts under M.G.L. c. 93A, the Massachusetts Consumer Protection Act, which could subject the violator to further penalties.

   **MASSACHUSETTS UNFAIR & DECEPTIVE TRADE PRACTICE ACT MGL 93A**

11. The Defendants have engaged in unfair and deceptive practices (acts) declared unlawful by G.L. c. 93A. Such acts of unfair competition include, but are not limited to, violations of the Telephone Consumer Protection Act, and the Massachusetts Telephone Solicitations Act, and the unreasonable invasion of Plaintiff's privacy and intrusion upon his seclusion.

12. Defendants engaged in unfair and deceptive practices (acts) which violated the MGL 93a when they refused to register with the office when they made telemarketing solicitation calls to the plaintiff, having failed to register with the Office of Consumer Affairs and Business Regulation before making telephone solicitations to the plaintiff a Massachusetts residents, and without so registering it violated 201 CMR 12.04 § 1, and defendants committed an Unfair and Deceptive act which is a separate per se violations of G.L. c. 93A.

13. Defendants have failed to satisfy a basic, threshold requirement for conducting telephone solicitations in Massachusetts, that telephone solicitors must "have an approved registration prior to soliciting any Massachusetts consumers." 201 C.M.R., § 12.04(3).

14. Defendants have also failed to comply with the requirement of 201 C.M.R. § 12.04(3) that they keep and consult the latest version of the Massachusetts do-not-call registry.

15. As a result of this conduct, Defendants have violated the MTSA, and they are liable to Plaintiff for damages, including actual damages or statutory damages of up to $5,000 for each MTSA violation, whichever is greater.

16. The Defendants engaged in unfair and deceptive practices (acts) by systematically placing, on a large scale, unsolicited and harassing telemarketing calls to consumers in Massachusetts including the plaintiff in order to aggressively market their products and or services, which results in substantial injury to Massachusetts consumers in the form of invasions of privacy, while giving the Defendants an unfair competitive advantage over businesses that solicit business lawfully.

17. The Defendants' phone harassment campaign that has been unleashed onto Plaintiff is against public policy, Privacy, immoral, unethical, and oppressive, and caused Plaintiff substantial harm was unfair and deceptive practices (acts)

4

**JURISDICTION AND VENUE**

18. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA").

19. This Court has personal jurisdiction over Defendants Shein, Lexington and Sierra and venue is proper in this District because Defendants maintain their principal places of business in this District, direct, market, and provide their business activities to this District, because Defendants' unauthorized marketing scheme was directed by Defendants to consumers in this District, and because Defendants transact business in Massachusetts and/or contract to supply services or things in Massachusetts.

**PARTIES**

20. Plaintiff ("Vincent Lawrence") is a natural person who, at all times relevant to this action, has been and is a resident of Boston, Massachusetts located in Suffolk County and is a residential subscriber.

21. Defendant Shein Services LLC. is a Delaware limited liability company with its headquarters located in Los Angeles, California.

22. Defendant Lexington Motors , Inc previous name of Lexington Toyota, Inc., ("Lexington") dba LEXMO BUSINESS TRUST is a family owned Car dealership since 1977 with locations in Lexington, Arlington, Belmont, Cambridge, Waltham, Somerville, and Concord and is in the car sales and maintenance business.

23. Defendant Sierra Club is a California 501(c)(4) nonprofit organization first incorporated in 1892 and headquartered in Oakland, California, Sierra Club Store sells apparel and offers ways to support the organization's mission.

24.     Defendants Shein, Lexington and Sierra directs, markets, and provides its

business activities throughout the State of Massachusetts by sending unauthorized text messages[2]

in individuals cellar telephone without an emergency purpose and consent of the called parties.

25.     Unless otherwise indicated, the use of Defendant's Shein, Lexington and Sierra

name in this Verified Complaint includes all agents, employees, officers, members, directors,

heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and

insurers of Defendants Shein, Lexington and Sierra.


**The TCPA and MTSA Imposes Personal Liability on Individuals who Participate in**

**or Commission the TCPA Violations**

26.     Under the TCPA and MTSA, individuals such as Defendants Shein, Lexington

and Sierra are personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217

of the TCPA which reads, inter alia: [T]he act, omission, or failure of any officer, agent, or other

person acting for or employed by any common carrier or user, acting within the scope of his

employment, shall in every case be also deemed to be the act, omission, or failure of such carrier

or user as well as of that person.47. U.S.C. § 217.[3]

27.     Defendants Shein, Lexington and Sierra initiated a text message marketing

campaign, in which it used and authorized third party telemarketers to make the calls (Text

---

[2] The TCPA also applies to other forms of communication, such as text messages.  See
Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 667 (2016).Breda v CELLCO PARTNERSHIP
First circuit.
[3] "The U.S Supreme Court has held "the Federal Communications Commission has ruled that,
under federal common-law principles of agency, there is vicarious liability for TCPA
violations. *In re Joint Petition Filed by Dish Network, LLC,* 28 FCC Rcd. 6574
(2013)." *Campbell-Ewald Co. v. Gomez,* 577 U.S. 153, 168 (2016).

Messages) to plaintiff in an attempt sell their goods, services and promote defendants' Shein, Lexington and Sierra goods, location and hours.

28.    Defendants Shein, Lexington and Sierra approved, wrote, or reviewed the third party's telemarketing scripts.

29.    The defendants Shein, Lexington and Sierra submitted the script and encouraged, directed and authorized their third-party telemarketer agent to place the complained of outbound telemarketing text messages (Calls) to the Plaintiff on behalf of defendants Shein, Lexington and Sierra.

30.    The third party telemarketers acted as agents for defendants Shein, Lexington and Sierra.

31.    Defendants Shein, Lexington and Sierra gave the third party telemarketers authority to place the telemarketing campaign calls to the plaintiff as the defendants' Shein, Lexington and Sierra agents.

32.    The defendants Shein, Lexington, Sierra and their agents allowed the third party telemarketers access to their information and systems that normally would be within its exclusive control, such as detailed information regarding the nature and pricing of its products and services and any individual telephone number that may have opted in to receive such text.

33.    The defendants Shein, Lexington, Sierra and third party agents and telemarketers quoted price and products the defendants Shein, Lexington and Sierra were selling.

34.    Defendants Shein, Lexington, Sierra, and their agents such as the president and compliance officers are personally liable under the "participation theory" of liability because they he are the controlling officer of Shein, Lexington and Sierra. Defendants agents authorized and had personal participation and setting company policies and oversaw Defendants Shein,

7

Lexington and Sierra day-to-day operations and were clearly involved in the business practices that violated the TCPA and MGL 159 (Telemarketing) , their agents authorized and knew of Shein, Lexington and Sierra telemarketing Text conduct and failed to intervene, and directed employees and/or agents or Third parties of defendants Shein, Lexington and Sierra to continue making those violations.

35.     Defendants Shein, Lexington and Sierra and their agents are also personally liable because they were responsible for ensuring compliance with his corporations Shein, Lexington and Sierra including TCPA and MTSA compliance.

36.     Defendants Shein, Lexington, Sierra and their agents knew (or reasonably should have known) their Texting Telemarketing Campaign was violating the TCPA and MTSA (or should have known) on its behalf and failed to take effective steps within its power to force the telemarketer to cease that conduct. Any reasonable seller that accepts "warm transfer" calls from lead generators would, and indeed must, investigate to ensure that those calls were made in compliance with TCPA and MTSA rules and regulations.

## **FACTS**

37.     Plaintiff received more than two unsolicited telephonic sales text (call) within a 12-month period from defendants Shein, Lexington and Sierra or on behalf of the same person or entity, each of Defendants Shein, Lexington and Sierra in violation of Mass. Gen. Laws ("M.G.L."), c. 159C.

38.     Plaintiff is, and at all times mentioned herein is a "person" as defined by 47 U.S.C. § 153(39).

39.     Defendants Shein, Lexington, Sierra, and their agents and third party telemarketers have caused multiple text messages to be transmitted to Plaintiff's cellular

telephone numbers 857-225-3748 and 857-225-3862 without an emergency purpose or consent of plaintiff.

40.     Plaintiff utilizes the cellular telephone numbers for personal and house hold purposes and the

numbers are Plaintiff's residential telephone lines.

41.     Defendants' Shein, Lexington, Sierra, and their agents and third party telemarketers strategy for generating new customers involves the use of an automatic telephone dialing system ("ATDS") to send unsolicited text messages without an opt out link.

42.     Plaintiff began receiving an unusually high volume of calls and or text messages to my telephone numbers 857-225-3748 and 857-225-3862 from defendants Shein, Lexington, Sierra.

43.     Plaintiff registered his cellular telephone numbers 857-225-3748 and 857-225-3862 on the National Do Not Call Registry and the  Massachusetts Do Not Call Registry over 31 days before he started receiving calls complained of in this Verified Amended Complaint from the defendants Shein, Lexington, Sierra.

44.     Plaintiff is the subscriber and utilizes the cellular telephone numbers 857-225-3748 and 857-225-3862.

45.     The purpose of Defendants' Shein, Lexington and Sierra text messages was to advertise, promote, and/or market and/or to solicit the sale of consumer goods. *See* 47 C.F.R. § 64.1200(f)(9). *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 878 n.6 (9th Cir. 2014).

46.     Through this method, Defendants Shein, Lexington, and Sierra shift the burden of wasted time to the consumers they called including plaintiff.

47.     In sending the unsolicited text messages, Defendants Shein, Lexington, Sierra and their agents employed the use of an ATDS, hardware and/or software with the capacity to use a random or sequential number generator to either store or produce phone numbers to be called.[4]

48.     The use of an ATDS is evident from the circumstances surrounding the text messages, including the text messages' commercial content and that they were sent from a long or short code -which is consistent with the use of an ATDS to send text messages.

49.     Neither Shein, Lexington and Sierra nor their agents were registered with the Massachusetts Office of Consumers affairs and Business Regulation (the "Office") as a telephone solicitor.

50.     The Plaintiff has had no prior dealings, business transactions, or interactions with any of the defendants Shein, Lexington and Sierra contacting him at 857-225-3748 and 857-225-3862.

51.     I have never conducted any business with these entities, nor do I have any outstanding obligations or connections to them. The Plaintiff's only association with these companies has been through the repeated, unsolicited calls and or text messages I received on my cellular telephone phone numbers.

## DEFENDANT SHEINS CONTENT OF THEIR UNARTHORIZED
## TEXT MESSAGES

52.     Here are just a few examples of text messages from defendants Shein.

53.     Plaintiff received several text messages from Defendants Shein to 857-225-3748 within a 12 month period and 31 day after my number was registered on the Do Not Call

---

[4] See *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1173 (2021).

Registry which was contrary to the TCPA or the MTSA From December 19, 2023, through on or about February 2024.

54.    Defendant Shein called plaintiff telephone number 857-225-3748 before 8Am and after 9 PM which is contrary to the TCPA and the MTSA which calls for a $500 fine under the TCPA and a $5000 fine under the MTSA, see example below Shein text on Tuesday November 21, 2023, at 1:26 AM in the morning thus invading plaintiffs privacy and violating the M.G.L., c. 159C, § 3 (and 201 C.M.R. § 12.02(1)) and the TCPA



## SIERRA TEXT MESSAGES TO PLAINTIFF

55. Here are just a few examples of text messages from defendants Sierra.

56. Defendants Sierra on February 1, 2024, at 12:34 AM calls was contrary to Statute 201 Mass. Reg. 12.02 "No telephone solicitor shall make or cause to be made an unsolicited telephonic sales call to a consumer 9:00 P.M. local time at the consumer's location.

  

## LEXINGTON TEXT MESSAGES TO PLAINTIFF

57. Here are text messages from defendant Lexington.

58. Defendant Lexington sent the plaintiff two text messages withing a 12 month period 31 days after plaintiff telephone number was registered on the National and Massachusetts State Do Not Call Registries, without consent or for an emergency Purpose.

12

59. Lexington sent the first text message on Friday August 2, 2024, at 9:25 PM. This text

message is contrary to TCPA making any calls after 9pm and MTSA after 8 pm local time at

the consumer's location.



60. Defendants' Sheins, Lexington and Sierra failure to register as a telemarketer in

Massachusetts and to get plaintiffs written express permission to text him were (1) knowing

and willful; Defendants Sheins, Lexington and Sierra did not provide training to their

personnel and or agents engaged in telemarketing; and/or (3) failed to maintain a reassigned

list of numbers from the FCC to scrub against their telemarketing list. [5]

---

[5] "In a civil proceeding resulting from a transaction involving a violation of this chapter, the
prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall be
awarded reasonable attorney's fees and costs from the non-prevailing party. M. G. L., c. 159C §
8

61. Defendants' Sheins, Lexington and Sierra telephonic sales calls caused Plaintiff harm, including inconvenience, invasion of privacy, aggravation, annoyance, wear and tear to his cell phone, loss of battery charge and life, and per-kilowatt electricity cost required to recharge his cellular telephone as a result of increased usage of plaintiff's cell phone services and violation of his statutory privacy rights.

62. Defendants' Sheins, Lexington and Sierra text messages also caused Plaintiff harm, including trespass, annoyance, nuisance, invasion of privacy, and intrusion upon seclusion.

63. Defendants' Sheins, Lexington and Sierra text messages also occupied storage space on Plaintiff's telephone and wore down my battery.[6]

64. Plaintiff has Article III, prudential and statutory standing to bring this lawsuit for violation of my privacy and unauthorized use and damage to my battery on my cellular telephone.

65. Businesses that violate TCPA laws are subject to harsh penalties. TCPA fines are steep, ranging between $500 and $1500 **per each individual violation**. A consumer providing sufficient documentation can recover up to $500 for each violation of the National Do Not Call Registry $500 per phone call that violates the TCPA rules $1,500 per phone call if the consumer can show that the business violated TCPA laws knowingly and willfully.

66. Plaintiff request each and every violation to be a fine to the Defendants Shein, Lexington and Sierra.

### COUNT I
### Violations of the Telephone Consumer Protection Act,
### 47 U.S.C. §227(b)(1)(A)(iii)- 47 CFR § 64.1200(a)(l)(iii)
### on behalf of Plaintiff
### Defendants Shein, Lexington and Seirra

---

[6] "Even one unsolicited, automated text message" is "a concrete and particularized injury" that provides Article III standing. *Chennette v. Porch.com*, 50 F.4th 1217, 1222 (9th Cir. 2022).

67. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

68. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the Plaintiff's cellular telephone number using an ATDS and/or artificial or prerecorded voice.

69. As a result of the acts of Defendants (and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf) in violation of the TCPA, 47 U.S.C. § 227, Plaintiff presumptively is entitled to an award of $500 in damages for each and every call made to his cellular telephone number using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

70. Defendants violated regulations of the TCPA including, but not limited to the following: No person or entity **may use an automatic telephone dialing system to any telephone number** assigned to a paging service, **cellular telephone service,** specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. 47 CFR § 64.1200(a)(l)(iii).

71. As a result of Defendants' knowing or willful conduct, Plaintiff request an award of $1500.00 in statutory damages per each violation of 47 U.S.C. §227(b)(1)(A).


**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant(s) as follows:

**Statutory Damages:** For statutory damages of $500 for each violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(1)(iii), pursuant to 47 U.S.C. § 227(b)(3)(B).

**Treble Damages:** For treble damages of up to $1,500 for each willful or knowing violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C). **Costs and Fees:** For all costs of suit incurred herein and any reasonable attorneys' fees, as permitted by law.

Other Relief: For such other and further relief as the Court deems just and proper.

**COUNT II**
**Violation of the TCPA's Do-Not-Call (DNC) Provisions**
**47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2)**
**Defendants Shein, Lexington and Seirra**

72. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

73. Under 47 U.S.C. § 227(c)(5) and its implementing regulation, 47 C.F.R. § 64.1200(c)(2), it is unlawful for any person or entity to initiate more than one telephone solicitation within any 12-month period to a residential telephone subscriber whose number is registered on the National Do Not Call Registry, unless the caller has the subscriber's prior express invitation or permission.

74. No person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 4 7 CFR § 64.1200(c)(2).

75. Plaintiff's telephone number, [insert number], has been registered on the National Do Not Call Registry since [insert date], well before Defendant(s) initiated the calls and/or text messages at issue in this case.

76. Defendant(s), without Plaintiff's prior express invitation or permission, placed multiple telemarketing calls and/or text messages to Plaintiff's telephone number within a 12-month period, in violation of the TCPA's DNC provisions.

77. Defendant(s) knew or should have known that Plaintiff's number was listed on the National Do Not Call Registry and had no lawful basis to initiate the telemarketing communications.

78. Defendant(s)' actions were willful and/or knowing violations of the TCPA and its implementing regulations, as they disregarded the legal protections provided to individuals under the DNC provisions.

79. As a direct and proximate result of Defendant(s)' violations, Plaintiff has suffered actual harm, including but not limited to: Invasion of privacy; Unwanted annoyance and disruption; The loss of time dealing with unwanted telemarketing communications; and The misuse of Plaintiff's personal telephone.

80. Plaintiff is entitled to statutory damages for each violation of the TCPA's DNC provisions and treble damages for each willful or knowing violation.

**WHEREFORE,** Plaintiff respectfully prays for judgment against Defendant(s) as follows: Statutory Damages: For statutory damages of $500 for each violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2), pursuant to 47 U.S.C. § 227(c)(5)(B). Treble Damages: For treble damages of up to $1,500 for each willful or knowing violation of the TCPA's DNC provisions, pursuant to 47 U.S.C. § 227(c)(5)(C). Any other Relief: For such other and further relief as the Court deems just and proper.

### COUNT III

**Violation of Massachusetts Telemarketing Solicitation Act**

**Calling Outside Permissible Hours before 8 am and after 8 pm**

**M.G.L. c. 159C, § 3, and 201 C.M.R. § 12.02(1)**

**Defendants Lexington, Shein and Seirra**

81. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

82. Under MTSA 159C § Section 3: Unsolicited telephonic sales calls; limitations Section 3. *"A telephone solicitor shall not make or cause to be made an unsolicited telephonic sales call to a consumer: (i) if the consumer's name and telephone number appear on the then current quarterly no sales solicitation calls listing made available by the office under section 2; (ii) to be received between the hours of 8:00 p.m. and 8:00 a.m., local time, at the consumer's location; (iii) in the form of electronically transmitted facsimiles; or (iv) by use of a recorded message device"*.

83. Under the Massachusetts Telemarketing Solicitation Act, M.G.L. c. 159C, § 3, and its implementing regulation, 201 C.M.R. § 12.02(1), *"telemarketing calls to Massachusetts residents are prohibited before 8:00 a.m. and after 8:00 p.m. local time at the called party's location"*.

84. Defendant(s), without regard for these statutory and regulatory restrictions, placed telemarketing calls and/or sent text messages to Plaintiff's telephone number outside the permissible time frame, including calls made before 8:00 a.m. and/or after 8:00 p.m.

85. Plaintiff's telephone number is registered on the Do Not Call Registry, further demonstrating Defendant(s)' disregard for state telemarketing laws and Plaintiff's privacy.

86. Defendant(s) knew or should have known the legal restrictions on the permissible times for telemarketing calls and willfully or negligently ignored these rules.

87. As a result of Defendant(s)' violations of M.G.L. c. 159C, § 3, and 201 C.M.R. § 12.02(1), Plaintiff has suffered harm, including but not limited to: Invasion of privacy; Unwanted disruption and annoyance; Loss of time dealing with unsolicited communications; and

Disturbance during inappropriate hours. Defendant(s)' violations entitle Plaintiff to statutory damages and additional relief as provided under M.G.L. c. 159C, § 8.

88. Defendants Shein, Lexington and Seirra (and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf) made unsolicited telephonic sales calls to Plaintiff when Plaintiff was registered with the Massachusetts do-not-call registry, in violation of M.G.L., c. 159C, § 3 (and 201 C.M.R. § 12.02(1)).

89. Defendant Lexington called the plaintiff on 9:23 P.M. on Friday August 2, 2024, and Defendant Sierra called plaintiff on Feb 1, 2024, 12:24 AM, Defendant Shein called plaintiff on Tuesday November 21, 2023, at **1:26 AM** in the morning and on Tuesday November 20, 2023 at **8:05 PM** local time at the consumer's /plaintiffs location, all calls are contrary to "*201 CMR 12.03 (2) No telephone solicitor shall make or cause to be made an unsolicited telephonic sales call to a consumer between the hours of 8:00 P.M. to 8:00 A.M., local time at the consumer's location*".

90. Defendants Shein, Lexington and Seirra violated 201 C.M.R. § 12.02 § *"(1) No telephone solicitor shall make or cause to be made an unsolicited telephonic sales call to a consumer if the consumer's name and telephone number appear on the then current quarterly "do not call" registry maintained by the Office of Consumer Affairs and Business Regulation as otherwise detailed within 201 CMR 12.03"*.

**WHEREFORE,** Plaintiff respectfully prays for judgment against Defendant(s) as follows: Statutory Damages: For statutory damages of up to $5,000 for each violation of M.G.L. c. 159C, § 3, pursuant to M.G.L. c. 159C, § 8. Treble Damages: For treble damages of up to $15,000 per violation if the Court finds that Defendant(s)' violations were willful or knowing. Injunctive Relief: For an injunction prohibiting Defendant(s) from placing telemarketing calls or sending

text messages to Plaintiff's telephone number outside the permissible time frames set forth in

M.G.L. c. 159C, § 3, and 201 C.M.R. § 12.02(1). And any other Relief: For such other and

further relief as the Court deems just and proper.

## COUNT IV

### Violation of TCPA 47 C.F.R. § 64.1200(c)(1)

### Telemarketing Calls Outside Permissible Time Frame 8 am and After 9 PM

### Defendants Shein, Lexington and Seirra

91. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

92. Under 47 C.F.R. § 64.1200(c)(1), telemarketing calls to a residential telephone line are

prohibited outside the permissible time frame of 8:00 a.m. to 9:00 p.m. local time at the

called party's location.

93. Defendant(s), without regard for this regulation, placed telemarketing calls to Plaintiff's

telephone number outside the legally permissible time frame, including calls made before

8:00 a.m. and/or after 9:00 p.m. local time.

94. Plaintiff's telephone number is registered on the Do Not Call Registry, and the calls placed

by Defendant(s) further exacerbated the intrusion and disruption caused by contacting

Plaintiff during prohibited hours.

95. Defendant(s)' actions constitute a willful or knowing violation of 47 C.F.R. § 64.1200(c)(1),

as they disregarded the restrictions on calling times imposed by federal law.

96. As a direct and proximate result of Defendant(s)' violations, Plaintiff has suffered harm,

including but not limited to, invasion of privacy, nuisance, and disruption of Plaintiff's

peace.

97. Defendant SHEIN call on Tuesday November 21,2023, at 1:26 A in the morning and several other times before 8am and after 9 pm.

98. Defendant Lexington called the plaintiff on 9:23 P.M. on Friday August 2, 2024, and Defendant Sierra called plaintiff on Feb 1, 2024, 12:24 AM, Defendant Shein called plaintiff on Tuesday November 21, 2023, at 1:26 AM in the morning plaintiffs local time at the consumer's /plaintiffs location, all calls are contrary to 47 C.F.R. § 64.1200(c)(1).

**WHEREFORE,** Plaintiff respectfully prays for judgment against Defendant(s) as follows: Statutory Damages: For statutory damages of $500 for each violation of 47 C.F.R. § 64.1200(c)(1), pursuant to 47 U.S.C. § 227(c)(5)(B). Treble Damages: For treble damages of up to $1,500 for each willful or knowing violation of 47 C.F.R. § 64.1200(c)(1), pursuant to 47 U.S.C. § 227(c)(5)(C).Other Relief: For such other and further relief as the Court deems just and proper.

**COUNT V**

**Violation of M.G.L. c. 159C, § 4 and 201 C.M.R. § 12.02(5)**
**Failure to Register and Comply with Telemarketer Registration**
**and Consumer Protection Requirements**
**Defendants Shein, Lexington and Seirra**

99. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

100.    Pursuant to M.G.L. c. 159C, § 4, telemarketers and entities engaging in telephonic sales calls to Massachusetts residents are required to comply with the provisions of Chapter 159C, including the obligation to register as a telemarketer with the Office of Consumer Affairs and Business Regulation (OCABR) prior to initiating telemarketing activities.

101.    Additionally, under 201 C.M.R. § 12.02(5), telemarketers must register with the OCABR and comply with all applicable rules regarding telephonic solicitations, including record-keeping requirements, permissible calling times, honoring the Do-Not-Call Registry, and other consumer protection measures.

102.    Defendant(s), Shein, Lexington and Seirra without registering as required under M.G.L. c. 159C, § 4 and 201 C.M.R. § 12.02(5), engaged in telemarketing activities directed at Plaintiff in violation of these laws 159C, § 4 and 201 C.M.R. § 12.02(5).

103.    Defendant(s)' Shein, Lexington and Seirra failure to register as telemarketers demonstrates a disregard for Massachusetts laws 159C, § 4 and 201 C.M.R. § 12.02(5) designed to protect consumers from unregulated and unauthorized telemarketing activities.

104.    By failing to comply with registration and consumer protection requirements, Defendant(s) Shein, Lexington and Seirra: Initiated unauthorized telephonic solicitations; Failed to adhere to the Do-Not-Call Registry and other consumer protections; and Engaged in unlawful telemarketing practices that harmed Plaintiff.

105.    Defendant(s)' Shein, Lexington and Seirra actions constitute willful and/or knowing violations of M.G.L. c. 159C, § 4 and 201 C.M.R. § 12.02(5) which is $15000 per violation.

106.    As a result of Defendant(s)' Shein, Lexington and Seirra violations, Plaintiff has suffered harm, including but not limited to: Invasion of privacy; Annoyance and nuisance caused by unauthorized telemarketing calls; Loss of time dealing with unregulated communications; and Disruption of peace and tranquility.


**WHEREFORE,** Plaintiff respectfully prays for judgment against Defendant(s) as follows:

Statutory Damages: For statutory damages of up to $5,000 for each violation of M.G.L. c. 159C,

§ 4, as authorized by M.G.L. c. 159C, § 8. Treble Damages: For treble damages if the Court finds that Defendant(s)' violations were willful or knowing each violation is $15,000. And any 0ther Relief: For such other and further relief as the Court deems just and proper.

## COUNT VI

### Violation of the Massachusetts Consumer Protection Act, G.L. c. 93A

### Unfair or Deceptive Acts Arising from Failure to Register as a Telemarketer

### under M.G.L. c. 159C, § 4 and 201 C.M.R. § 12.02(5)

### Defendants Shein, Lexington and Seirra

107.  Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

108.  Pursuant to M.G.L. c. 159C, § 4 and 201 C.M.R. § 12.02(5), telemarketers must register with the Office of Consumer Affairs and Business Regulation (OCABR) before initiating telemarketing calls or text messages to Massachusetts residents.

109.  At all times relevant the Defendants were engaged in trade or commerce within the meaning of G.L. c. 93A §2. And where not registered as a Telemarketer in Massachusetts with the Office of Consumer Affairs and Business Regulation before making telephone solicitations to the plaintiff a Massachusetts residents

110.  Plaintiff was not required to send the Defendants Shein, and Seirra a 30-day Massachusetts Consumer Protection Act, G.L. c. 93A, Demand Letter, because defendants do not have assets or offices here in Massachusetts.

111.  Plaintiff only sent defendant Lexington a MGL 93 a Demand letter and they failed to respond.

112.    The Defendants' Shein, Lexington and Seirra violations of G.L. c. 93A were willful and

knowing when they failed to register with the office ,called plaintiff before 8 am and after 8

pm, did not get the Massachusetts do not call list from the office to see which consumers

where on it.

113.    Defendant(s) Shein, Lexington and Seirra, without registering as required, engaged in

telemarketing activities directed at Plaintiff and other Massachusetts consumers, in clear

violation of these laws.

114.    Additionally, pursuant to 201 C.M.R. § 12.02(1), telemarketing calls are restricted to the

hours between 8:00 a.m. and 8:00 p.m. Defendant(s) Shein, Lexington and Seirra further

violated this regulation by making calls or sending texts outside these permissible times.

115.    Violations of M.G.L. c. 159C, § 4 and 201 C.M.R. § 12.02(5) are deemed unfair or

deceptive acts or practices under the Massachusetts Consumer Protection Act, M.G.L. c.

93A, § 2, which prohibits unfair or deceptive acts or practices in trade or commerce.

116.    Defendant(s)' Shein, Lexington and Seirra failure to register as telemarketers and their

unlawful telemarketing activities constitute unfair or deceptive acts, as they disregarded laws

designed to protect consumers from unregulated and unauthorized solicitations.

117.    As a result of Defendant(s)' Shein, Lexington and Seirra  unlawful and deceptive actions,

Plaintiff has suffered harm, including but not limited to: Receiving unsolicited and unlawful

telemarketing communications; Invasion of privacy; Annoyance, nuisance, and disruption;

and Loss of time dealing with unregulated communications.

118.    Under M.G.L. c. 159C, § 8, each violation of the telemarketing regulations can result in

statutory damages of up to $5,000 per violation, with the possibility of treble damages (up to

$15,000 per violation) for willful or knowing violations.

24

119.    Under M.G.L. c. 93A, § 9, Plaintiff is entitled to additional remedies for Defendant(s)'

Shein, Lexington and Seirra unfair and deceptive practices, including injunctive relief,

statutory damages, and attorneys' fees.

**WHEREFORE,** Plaintiff respectfully prays for judgment against Defendant(s) as follows:

Triple damages, Punitive, statutory damages pursuant to M.G.L. c. 159C, § 8, and additional

damages under M.G.L. c. 93A, § 9. Injunctive Relief: For an injunction prohibiting

Defendant(s) from engaging in telemarketing activities in Massachusetts unless and until

they register as required and comply with all applicable laws and regulations. Costs and Fees:

For all costs of suit incurred herein and reasonable attorneys' fees, as permitted under M.G.L.

c. 93A, § 9(4). Any other Relief: For such other and further relief as the Court deems just and

proper.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants Shein, Lexington and Sierra and their officers,  agents,

employees, and third-party Telemarketers take affirmative steps to preserve all records, lists,

electronic databases, Calls, Text messages or other itemization of telephone numbers associated

with Defendants and the text messages for the last four years as alleged herein.

## JURY DEMAND

Plaintiff request a jury trial as to all claims of the complaint so triable.

Respectfully submitted,                                    November 15, 2024

*Vincent Lawrence*

25

*Vincent Lawrence*

Vincent Lawrence

/s/ Vincent Lawrence

857-225-3862

vlawrence02121@gmail.com

111 Atlantic Avenue, Apt. 208

Boston, MA 02110

857-225-3862

vlawrence02121@gmail.com

I HEREBY ATTEST AND CERTIFY ON
__Dec.9,2024__, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst. Clerk

## VERIFIED AMENDED LAWSUIT

I ,Vincent Lawrence is the Plaintiff in this civil proceeding before this court. I am over the age of 21 , I verify that I have personal knowledge of the facts stated above and hereby swear under pains and penalties of perjury that all of those facts are true and accurate.

Under the law, specifically 28 U.S.C. § 1746(2), I, Vincent Lawrence, am declaring under penalty of perjury that everything stated in this Verified Complaint is true and accurate to the best of my knowledge which I have firsthand knowledge and can testify in court about all the unauthorized text messages and calls to my personal cellular telephone.

Respectfully submitted

*Vincent Lawrence*

Vincent Lawrence

/s/ Vincent Lawrence

111 Atlantic Avenue Apt 208                                    November 15, 2024

Boston, Ma 02110

Vlawrence02121@gmail.com

857-225-3862

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                    SUFFOLK SUPERIOR COURT
                                              CIVIL ACTION NO. 2484CV02856 D

| | |
|---|---|
| VINCENT LAWRENCE, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| SHEIN US SERVICES, LLC, | ) |
| LEXINGTON MOTORS, INC. dba LEXMO | ) |
| BUSINESS TRUST {MISNOMER}, and | ) |
| SIERRA CLUB | ) |
| Defendants | ) |
| | ) |

## DEFENDANT, LEXINGTON MOTORS, INC. 'S NOTICE OF MOTION TO DISMISS PURSUANT TO SUPERIOR COURT RULE 9E

NOTICE IS HEREBY GIVEN THAT the defendant, Lexington Motors, Inc., served a

Motion to Dismiss on all parties of record by electronic mail on November 25, 2024 pursuant to

Superior Court Rules 9E and 9A(b)(2).

Respectfully Submitted,
Defendant,
Lexington Motors, Inc.,
By Its Attorney,

Mark A. Darling (BBO# 551285)
Darling@Litchfieldcavo.com
Katharine C. Van Pelt (BBO# 713912)
Vanpelt@Litchfieldcavo.com
LITCHFIELD CAVO LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
(781) 309-1500 Tel

I HEREBY ATTEST AND CERTIFY ON
___Dec. 9, 2024___, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

John E. Powers, III
Acting Clerk Magistrate
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst. Clerk

1

Date Filed 11/25/2024 4:10 PM
Superior Court - Suffolk
Docket Number 2484CV02856

## CERTIFICATE OF SERVICE

I, Mark A. Darling, hereby certify that on this 25th day of November, 2024, I served the within document via email, to the following:

Vincent Lawrence, *Pro Se*
111 Atlantic Avenue, Apt 208
Boston, MA 02110
Vlawrence02121@gmail.com

_____
Mark A. Darling

2

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                          SUFFOLK SUPERIOR COURT
                                                    CIVIL ACTION NO. 2484CV02856

| | |
|---|---|
| VINCENT LAWRENCE, ) | |
|     Plaintiff ) | |
| ) | US Dist#24-CV-13002 |
|     v. ) | |
| ) | |
| SHEIN US SERVICES, LLC, ) | |
| LEXINGTON MOTORS, INC. dba LEXMO ) | |
| BUSINESS TRUST {**MISNOMER**}, and ) | |
| SIERRA CLUB ) | |
|     Defendants ) | |

## NOTICE OF FILING OF REMOVAL BY DEFENDANT

PLEASE TAKE NOTICE that this case, which was previously pending in the Suffolk Superior Court of the Commonwealth of Massachusetts, has been removed to the United States District Court for the District of Massachusetts by the Defendants pursuant to 28 U.S.C. § 1441. A copy of the Notice of Removal and a copy of the Civil Action Cover Sheet and Category Form, filed with the United States District Court for the District of Massachusetts, is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. §1446(d), this court "shall proceed no further unless and until the case is remanded."

Respectfully Submitted,
Defendant,
Lexington Motors, Inc.,
By Its Attorney,

I HEREBY ATTEST AND CERTIFY ON
____Dec.9,2024____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY

    John E. Powers, III
    Acting Clerk Magistrate
    SUFFOLK SUPERIOR CIVIL COURT
    DEPARTMENT OF THE TRIAL COURT
BY:_____
        Asst.Clerk

Mark A. Darling (BBO# 551285)
Darling@Litchfieldcavo.com
Katharine C. Van Pelt (BBO# 713912)
Vanpelt@Litchfieldcavo.com
LITCHFIELD CAVO LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
(781) 309-1500 Tel

## CERTIFICATE OF SERVICE

       I, Mark A. Darling, hereby certify that on this 4th day of December, 2024, I served the within document via email, to the following:

Vincent Laurence, *Pro Se*
111 Atlantic Avenue, Apt 208
Boston, MA 02110
Vlawrence02121@gmail.com

Brian Bosworth, Esquire
Hunton Andrews Kurth LLP
60 State Street
Suite 2400
Boston, MA 02109
BBosworth@hunton.com
**Counsel for Shein US Services, LLC**

Thomas C. Blatchley, Esquire
Gordon Reese Scully Mansukhani
28 State Street
Suite 1050
Boston, MA 02109
**Counsel for Sierra Club**

Mark A. Darling

Date Filed 12/4/2024 3:47 PM   Case 1:24-cv-13002-PGL   Document 15   Filed 12/18/24   Page 63 of 66
Superior Court - Suffolk
Docket Number 2484CV02856   Case 1:24-cv-13002   Document 1   Filed 12/04/24   Page 1 of 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

VINCENT LAWRENCE,

          Plaintiff,

v.                                    CIVIL ACTION NO.

SHEIN US SERVICES, LLC,
LEXINGTON MOTORS, INC. and
SIERRA CLUB,

          Defendants.

## DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. § 1331, 1441, and 1446, and Local Rule of Civil Procedure 81.1,

defendant, Lexington Motors, Inc. (hereinafter "Defendant"), hereby gives notice of the removal

of this action, which is currently pending in the Suffolk County Superior Court Department of

the Massachusetts Trial Court, captioned *Vincent Lawrence v. Shein US Services, LLC et al*,

Civil Action No. 2484CV02856, to the United States District Court for the District on

Massachusetts. As grounds for removal, Defendant states as follows:

      1.      The plaintiff, Vincent Lawrence (hereinafter "Plaintiff"), filed the State Court

Action on October 30, 2024. See Complaint, attached hereto as Exhibit A.

      2.      On November 5, 2024, Defendant was served with a copy of the Summons and

Complaint via certified mail (a legally deficient form of service under state law). See Certified

Mail Piece attached hereto as Exhibit B.

      3.      Defendant removes this case on the basis of federal question jurisdiction. Plaintiff

alleges in his Amended Complaint that the defendants have violated a federal statute, namely 47

U.S.C. § 227(c) (5). See Amended Complaint, ¶ 18, attached hereto as Exhibit C. Because this

Date Filed 12/4/2024 3:47 PM Case 1:24-cv-13002-PGL    Document 15    Filed 12/18/24    Page 64 of 66
Superior Court - Suffolk
Docket Number 2484CV02856    Case 1:24-cv-13002    Document 1    Filed 12/04/24    Page 2 of 4

civil action arises under a law of the United States, the district courts of the United States have

original jurisdiction over this matter, pursuant to 28 U.S.C. § 1331. Removal is therefore proper

under 28 U.S.C. § 1441(a) ("…any civil action brought in a State court of which the district

courts of the United States have original jurisdiction, may be removed by the defendant or the

defendants, to the district court of the United States for the district and division embracing the

place where such action is pending.").

     4.     Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court

for the District of Massachusetts, as the Complaint in this action was filed in the Suffolk County

Superior Court Department of the Massachusetts Trial Court and "Massachusetts contains one

judicial district, undivided, with no divisions therein." Brennan v. Leominster, 180 F.R.D. 192,

193, 1998 WL 481473 (D. Mass. 1998).

     5.     Removal is timely and proper pursuant to 28 U.S.C. § 1446(b) (1), because less

than thirty days have passed since service of the Summons and Complaint on the Defendant.

Defendant has or will comply with the requirements of 28 U.S.C. § 1446 in connection with this

Notice of Removal, including the provision of written notice of filing to adverse parties and the

filing of a true copy of this Notice of Removal with the Clerk of the Superior Court for Suffolk

County, Commonwealth of Massachusetts.

     6.     Attached to this Notice of Removal, and by reference made a part thereof, are true

and correct copies of all process, pleadings, and orders filed in the above-captioned action as

required by 28 U.S.C. § 1446(a). See Exhibits A, B, and C.

     7.     Defendant specifically reserves any and all defenses available to it, including but

not limited to insufficiency of service of process.

Date Filed 12/4/2024 3:4 Case 1:24-cv-13002-PGL    Document 15    Filed 12/18/24    Page 65 of 66
Superior Court - Suffolk         Case 1:24-cv-13002    Document 1    Filed 12/04/24    Page 3 of 4
Docket Number 2484CV02856

8.     The two other co-defendants in the state court action have consented to this

Petition for Removal. See Exhibit D.

9.     Based on the record submitted with this Notice, this Court has jurisdiction over

the Plaintiff's claims, and the Complaint is properly removed to this Court.

WHEREFORE, Defendant requests that this action be removed from Suffolk County

Superior Court to the United States District Court for the District of Massachusetts.

> Respectfully Submitted,
> Defendant,
> Lexington Motors, Inc.,
> By Its Attorney,
>
> Mark A. Darling (BBO# 551285)
> Darling@Litchfieldcavo.com
> Katharine C. Van Pelt (BBO# 713912)
> Vanpelt@Litchfieldcavo.com
> LITCHFIELD CAVO LLP
> 6 Kimball Lane, Suite 200
> Lynnfield, MA 01940
> (781) 309-1500 Tel

Date Filed 12/4/2024 3:41 PM Case 1:24-cv-13002-PGL    Document 15    Filed 12/18/24    Page 66 of 66
Superior Court - Suffolk
Docket Number 2484CV02856    Case 1:24-cv-13002    Document 1    Filed 12/04/24    Page 4 of 4

## CERTIFICATE OF SERVICE

I, Mark A. Darling, hereby certify that on this 4th day of December, 2024, I served the within document via email, to the following:

Vincent Laurence, *Pro Se*
111 Atlantic Avenue, Apt 208
Boston, MA 02110
Vlawrence02121@gmail.com

Brian Bosworth, Esquire
Hunton Andrews Kurth LLP
60 State Street
Suite 2400
Boston, MA 02109
BBosworth@hunton.com
*Counsel for Shein US Services, LLC*

Thomas C. Blatchley, Esquire
Gordon Reese Scully Mansukhani
28 State Street
Suite 1050
Boston, MA 02109
*Counsel for Sierra Club*

_____
Mark A. Darling