UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VINCENT LAWRENCE,

     *Plaintiff,*

v.

SHEIN US SERVICES, LLC,
LEXINGTON MOTORS, INC. and
SIERRA CLUB,

     *Defendants.*

No. 24-cv-13002-PGL

## <u>REPORT AND RECOMMENDATION ON MOTION<br>FOR LEAVE TO AMEND, MOTION TO REMAND,<br>AND MOTIONS TO DISMISS</u>

LEVENSON, U.S.M.J.

### <u>INTRODUCTION</u>

Following the removal of this case from state court, Plaintiff has moved to amend the

Complaint in order to dismiss his federal claims. By this stratagem, Plaintiff hopes to defeat

federal jurisdiction, and he has moved for remand to state court.

Defendants do not oppose remand, provided that Plaintiff's federal claims are dismissed

with prejudice. For his part, Plaintiff seems to speak out of both sides of his mouth, variously

opposing, or conditionally consenting to, such dismissal.

For the reasons discussed below, I direct that this matter be reassigned to a District Judge, and I recommend that the District Judge grant (in part) Plaintiff's motion for leave to amend, dismiss Plaintiff's federal claims with prejudice, and remand the case to state court.[1]

## I.    Procedural Background

### A.    *Complaint, Removal, and Plaintiff's Attempt to Orchestrate Remand*

Plaintiff, an individual proceeding pro se, sued the three Defendants in Massachusetts Superior Court. *See* Docket No. 1-1 (Verified Complaint). The original complaint, filed October 30, 2024,[2] alleges that Defendants sent unwanted text message advertisements in violation of both Massachusetts and federal statutes. *See id.* Specifically, the Complaint alleges violations of Massachusetts law regulating telemarketing solicitation, Mass. Gen. Laws c. 159C, and the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

Defendant Lexington Motors, Inc. ("Lexington Motors") timely removed the matter to this Court, invoking federal question jurisdiction based on Plaintiff's explicit federal claims under the TCPA. *See* Docket No. 1. On December 10, 2024, Plaintiff moved to amend his Complaint for the express purpose of stripping out the federal claims and defeating jurisdiction in this Court. *See* Docket No. 10. Plaintiff concurrently moved to remand the case to the Massachusetts state court. *See* Docket No. 9. Plaintiff candidly acknowledges his purpose in seeking to amend. *See* Docket No. 10, at 2 ("With the removal of the TCPA claims, no federal question remain [sic], and Plaintiff intends to seek remand of this case to the Massachusetts state

---

[1] I also recommend allowing Plaintiff's motion to dismiss with prejudice all claims against Defendant Shein US Services, LLC. *See* Docket No. 23.

[2] Plaintiff subsequently filed a Verified Amended Complaint in the state court. *See* Docket No. 1-3.

court where it was originally filed."). Around the time of Plaintiff's motions, Lexington Motors also moved to dismiss. *See* Docket No. 7.

At a status conference on December 19, 2024, I expressed an inclination to allow Plaintiff to amend the Complaint and noted that, although amendment now would not destroy the Court's jurisdiction,[3] it would be an appropriate exercise of the Court's discretion, given the early stage of the case, to decline to exercise jurisdiction and to remand the matter to state court after amendment.[4] *See* Docket No. 17. Instead of ruling immediately, I gave Defendants time to consider whether they wished to oppose the motion to amend. Thereafter, Defendants Lexington Motors and Sierra Club filed limited oppositions to the motion to amend, indicating that they do not oppose amendment, provided that the federal claims are dismissed with prejudice. *See* Docket Nos. 19, 20.

### B.    *Plaintiff's Filing Regarding Dismissal of Federal Claims*

Following Defendants' filings, I entered an electronic order directing Plaintiff to notify the Court by January 8, 2025, whether he agrees to dismiss the federal claims with prejudice. *See* Docket No. 21. Plaintiff missed that deadline, but on January 14, 2025, Plaintiff filed a document titled "Plaintiff's Opposition to Defendant's Motion to Dismiss Federal Claims with Prejudice." *See* Docket No. 22. Although the title and text of the document are somewhat ambiguous,

---

[3] As the First Circuit has noted, "[i]n the context of removal, 'we consider the claims in the state court [complaint] as they existed at the time of removal.'" *Lawless v. Steward Health Care Sys., LLC*, 894 F.3d 9, 17 (1st Cir. 2018) (second alteration in original) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

[4] I noted that such a remand would be in consonance with the rulings in *Massachusetts v. V & M Mgmt., Inc.*, 929 F.2d 830 (1st Cir. 1991), and *Perez v. Brockton Neighborhood Health Ctr., Inc.*, No. 18-cv-10284-MBB, 2019 WL 145575 (D. Mass. Jan. 9, 2019).

Plaintiff's intentions are summarized (and somewhat clarified) by an email that he sent to my Courtroom Deputy Clerk, in which he stated as follows:

> I intend to file a response today, stating that I agree to dismiss the federal claims under the Telephone Consumer Protection Act (TCPA) only if the case is remanded back to state court. I believe I would be prejudiced if the federal claims are dismissed with prejudice and the case remains in federal court.

The email, which also apologizes for and explains the lateness of Plaintiff's filing, contains some personal details. Because it contains no substantive information other than the statement quoted above, I have not ordered it docketed.

Plaintiff's actual filing is ambiguous. In the submission, Plaintiff argues that "[d]ismissing [the TCPA] claims with prejudice would unduly prejudice Plaintiff" and also that, "[i]f the Court dismisses Plaintiff's federal claims, equity requires that the remaining claims be remanded to state court." Docket No. 22, at 1–2. In the final section of the filing, Plaintiff argues that he "should be afforded the opportunity to pursue these claims at a later time, should the need arise," seemingly in opposition to a dismissal with prejudice of the federal claims. *Id.* at 3. In the next sentence, however, Plaintiff asserts that he "is willing to dismiss his federal claims with prejudice ONLY if the case is remanded back to state court." *Id.* (capitalization in original). Plaintiff concludes his filing as follows:

> For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss Plaintiff's federal claims under the TCPA with prejudice. Alternatively, if the Court decides to dismiss the federal claims, Plaintiff requests that the Court remand the case to state court to ensure that Plaintiff is not prejudiced and retains the ability to pursue state claims only.

*Id.* at 4.

Compounding the potential for confusion, Plaintiff's filing is styled as an opposition to a motion to dismiss the federal claims, but no Defendant has moved to dismiss Plaintiff's TCPA claims in particular (although Lexington Motors has moved to dismiss the entire case based on

insufficient service). Rather, it is *Plaintiff* who seeks to remove the federal claims from this suit by moving for leave to amend.

## II.    Analysis

### A.    *Plaintiff's Motion for Leave to Amend*

#### 1.    *Legal Standard*

Rule 15(a) of the Federal Rules of Civil Procedure governs amended pleadings. It includes provisions for amendments "as a matter of course" (Fed. R. Civ. P. 15(a)(1)) and also for "other amendments" (Fed. R. Civ. P. 15(a)(2)). Rule 15(a)(1) provides, in part, that "[a] party may amend its pleading *once* as a matter of course" in certain early stages of the case. Fed. R. Civ. P. 15(a)(1) (emphasis added). Given that Plaintiff previously amended his Complaint while it was before the Superior Court, he has used his one free amendment (so to speak), and he is not entitled to amend "as a matter of course" (*i.e.*, without either the Court's leave or Defendants' consent). *See Mullane v. Portfolio Media, Inc.*, No. 19-cv-11496-PBS, 2019 WL 12316202, at *7 (D. Mass. Nov. 19, 2019) (Dein, J.) ("Although the First Circuit does not appear to have directly addressed the issue, the majority of the relevant federal case law supports [the defendant's] position that a previous amendment without leave in state court qualifies as the single amendment without leave of court allowed under Rule 15."), *report and recommendation adopted*, Order, No. 19-cv-11496-PBS (D. Mass. Jan. 2, 2020), Docket No. 74.

Plaintiff's motion for leave to amend is therefore governed by the discretionary provisions of Rule 15(a)(2). Under that rule, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 192 (1st Cir. 2015).

2.      *Plaintiff Cannot Have It Both Ways—If He Wants to Return to State Court, He Must Definitively Abandon His Federal Claims*

Plaintiff's attempt to manipulate the Court's jurisdiction by withdrawing the federal claims is arguably improper in itself.[5] But combining that impropriety with a simultaneous effort to reserve the right to later reinstitute the claims is particularly problematic.

Plaintiff wants to have his cake and eat it too. He asks to excise his federal claims from the Complaint and return to state court, but he simultaneously contends that he should be able to reassert his federal claims once he is back in state court. Such gamesmanship threatens to waste judicial resources and hampers the transparent and efficient adjudication of disputes. A complaint should be a plain statement of the allegations against a defendant. Justice and the rights of defendants demand as much. A complaint cannot be a shapeshifter, ever-changing with claims disappearing and later reappearing to facilitate a plaintiff's procedural maneuvering.

Although Plaintiff's gamesmanship is distasteful, his filings make clear what is most important to him. His primary goal is to return this suit to state court. If it were otherwise, he would have withdrawn both his motion to amend and his motion to remand. To be sure, Plaintiff would prefer to send this case back to state court *and* be able to revive the federal claims that he has asked to drop. But it is plain from Plaintiff's submission that, faced with a choice, he opts to litigate only state claims in state court, rather than litigate both state and federal claims in federal court. As quoted above, he "is willing to dismiss his federal claims with prejudice ONLY if the case is remanded back to state court." Docket No. 22 at 3 (capitalization in original). Defendants,

---

[5] I note that, although Plaintiff is proceeding pro se, his filings reflect considerable sophistication in legal matters.

for their part, are willing to return to state court, so long as the federal claims against them are dismissed with prejudice.

Plaintiff should not be allowed to manipulate the Court's jurisdiction by dropping his federal claims in order to orchestrate a remand while also preserving those claims for reassertion at a later date. Federal Rule of Civil Procedure 15(a)(2) is liberal in its direction to "freely give leave" for amendments, but such leave is appropriate only "when justice so requires." Fed. R. Civ. P. 15(a)(2). The interests of justice cut strongly against allowing an amendment that is intended as a prelude to the sort of further manipulation that Plaintiff has suggested will ensue. Unless the federal claims are dismissed with prejudice, allowing Plaintiff to amend would be unjust and prejudicial to Defendants, given Plaintiff's stated intention of preserving an option to later resurrect the deleted federal claims.

### 3. *Recommendation for Dismissal*

I find that the interests of justice support granting Plaintiff's motion for leave to amend only if Plaintiff is prohibited from reasserting those claims upon return to state court. In this light, it makes sense to construe Plaintiff's motion to amend, in conjunction with his January 14 filing, as a request to dismiss, with prejudice, his federal claims.

Accordingly, to ensure finality as to the federal claims, I direct that this matter be reassigned to a District Judge, and I recommend that the District Judge allow Plaintiff's motion for leave to amend, subject to the dismissal with prejudice of Plaintiff's federal claims pursuant to Federal Rule of Civil Procedure 41(a)(2).[6]

---

[6] Where the parties have not consented to litigate this matter before the Magistrate Judge, under Federal Rule of Civil Procedure 72(b), such a dispositive order may only be issued by a District Judge.

Although Plaintiff's submission is not labeled as a motion to dismiss, his motion for leave to amend is, in this context, tantamount to such a motion, and my recommendation for a dismissal with prejudice of the federal claims followed by remand appears to be the available outcome most desired by the parties.

### B.    *Plaintiff's Motion to Remand*

I further recommend that Plaintiff's motion to remand be allowed and this matter be remanded to the Massachusetts Superior Court.[7] Although this Court's jurisdiction will not be defeated by the dismissal of Plaintiff's federal claims,[8] as a discretionary matter, it is appropriate to decline to exercise supplemental jurisdiction. The supplemental jurisdiction statute, which controls here, addresses this point directly:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

---

[7] I have previously decided motions to remand rather than issuing a report and recommendation. *See, e.g.*, *McKinney v. Steward St. Elizabeth's Med. Ctr. of Bos., Inc.*, No. 23-cv-12115-GAO, 2024 WL 1509212, at *1 & *1 n.2 (D. Mass. Feb. 2, 2024) (deciding a motion to remand referred to me). In this case, however, because the remand must follow a dispositive order dismissing Plaintiff's federal claims, I *recommend* remand, rather than deciding the question myself. As I noted in *McKinney*, although the First Circuit has not decided the question, I and other judges in this circuit have assumed that a motion to remand is a non-dispositive motion for purposes of 28 U.S.C. § 636(b)(1) and Rule 72(a) of the Federal Rules of Civil Procedure, meaning that a Magistrate Judge may determine such a motion by final order rather than reporting it to a District Judge. *See Unauthorized Prac. of L. Comm. v. Gordon*, 979 F.2d 11, 13 (1st Cir. 1992) (declining to decide the question); *Stefanik v. City of Holyoke*, 597 F. Supp. 2d 184, 185 (D. Mass. 2009) (collecting cases on the question); *see also Delta Dental v. Blue Cross & Blue Shield*, 942 F. Supp. 740, 743–46 (D.R.I. 1996) (considering the question at length and holding that a motion to remand is non-dispositive).

[8] *See Lawless*, 894 F.3d at 17 ("In the context of removal, 'we consider the claims in the state court [complaint] as they existed at the time of removal.'" (alteration in original) (quoting *Manguno*, 276 F.3d at 723)); *Allstate Interiors & Exteriors, Inc. v. Stonestreet Constr., LLC*, 730 F.3d 67, 72 (1st Cir. 2013) (explaining that, pursuant to 28 U.S.C. § 1367(a), a district court may exercise supplemental jurisdiction over state law claims that are part of the same case or controversy as claims over which there is original federal jurisdiction).

\* \* \*

(3) the district court has dismissed all claims over which it has original jurisdiction . . . .

28 U.S.C. § 1367.

When all federal claims are excised from the Complaint, the Court should reassess its exercise of jurisdiction. *See Camelio v. Am. Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998) ("If . . . the court dismisses the foundational federal claims, it must reassess its jurisdiction, this time engaging in a pragmatic and case-specific evaluation of a variety of considerations that may bear on the issue.").

While the statute entrusts the issue to the Court's discretion, there is a considerable body of case law that bears upon that exercise of discretion and presses heavily toward remanding this matter to state court. As the Supreme Court has noted, "[w]hen the single federal-law claim in the action [is] eliminated at an early stage of the litigation, the District Court ha[s] a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). The Supreme Court has also provided guidance on the factors that should influence this decision: "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n.7.

Comity interests bear heavy weight in this analysis. "[T]he balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation." *Camelio*, 137 F.3d at 672. Indeed, the First Circuit has warned that retaining jurisdiction in such a case may be an abuse of discretion:

> In accord with [*Cohill*] . . . we have held that, when all federal claims have been
> dismissed, it is an abuse of discretion for a district court to retain jurisdiction over
> the remaining pendent state law claims unless doing so would serve "the interests
> of fairness, judicial economy, convenience, and comity." *See Desjardins v.*
> *Willard*, 777 F.3d 43, 45–46 (1st Cir. 2015) (citation omitted); *Rivera-Díaz v.*
> *Humana Ins. of Puerto Rico, Inc.*, 748 F.3d 387, 392 (1st Cir. 2014).

*Wilber v. Curtis*, 872 F.3d 15, 23 (1st Cir. 2017).

This case is at a very early stage, so there is no reason to for this Court hold on to the

surviving state law claims. With its federal claims dismissed, the case belongs back in state

court.

### C.    *Plaintiff's Motion to Dismiss All Claims Against Defendant Shein*

On January 22, 2025, Plaintiff filed a motion to dismiss with prejudice all claims against

Defendant Shein US Services, LLC ("Shein"). *See* Docket No. 23. The motion reflects that

Plaintiff and Shein have reached a settlement and that they stipulate to Shein's dismissal from

the case.

I recommend that the Court grant Plaintiff's motion to dismiss all claims against Shein

with prejudice. Although not so styled, the motion appears assented-to by Shein. It seems

unlikely that the remaining Defendants will oppose the motion, given that, at a status conference

on December 19, 2024, counsel for Shein shared that Plaintiff and Shein had reached a

settlement, and no other counsel indicated an intent to oppose.

It would make sense to allow this motion at the same time as the Court rules on

Plaintiff's motion to remove his federal claims.

### D.    *Defendant Lexington Motors' Motion to Dismiss*

The pending motion to dismiss by Lexington Motors must remain undecided. Once this

Court declines to exercise jurisdiction and returns this matter to the state court, this Court will

lack jurisdiction to decide that motion. *Cf. Christopher v. Stanley-Bostitch, Inc.*, 240 F.3d 95,

100 (1st Cir. 2001) (finding that the district court's ruling on substantive issue in remanded case "impermissibly intruded into a matter properly left to the state courts").

CONCLUSION

For the forgoing reasons,

I ORDER the Clerk to reassign this matter to a District Judge.

I RECOMMEND that:

Plaintiff's Motion for Leave to Amend the Verified Amended Complaint (Docket No. 10) be ALLOWED, subject to the dismissal with prejudice of Plaintiff's federal claims;

Plaintiff's federal claims be DISMISSED with prejudice;

Plaintiff's Motion to Dismiss with Prejudice all claims against Defendant Shein (Docket No. 23) be ALLOWED and Defendant Shein be dismissed from the case;

Plaintiff's Motion to Remand (Docket No. 9) be ALLOWED and this case be remanded to the Massachusetts Superior Court; and

Defendant Lexington Motors' Motion to Dismiss (Docket No. 7) remain pending in this matter, but, if necessary, be resolved administratively on this Court's docket to make clear that no motion within the Court's jurisdiction remains unresolved.

/s/ Paul G. Levenson
Paul G. Levenson
Dated: January 27, 2025                U.S. MAGISTRATE JUDGE

## NOTICE OF RIGHTS TO OBJECT

The parties have, to date, not responded to the Notice of Case Assignment (Docket No. 2). Accordingly, pursuant to General Order 09-3, until the Court receives for filing either a consent to the Magistrate Judge's jurisdiction or to the reassignment of the case to a District Judge, the initial assignment of a civil case to the Magistrate Judge is a referral to the Magistrate Judge under 28 U.S.C. § 636(b) for all pretrial non-dispositive matters (except Rule 16(b) scheduling conferences) and for report and recommendation on dispositive matters.

The parties are advised that under Rule 72(a) of the Federal Rules of Civil Procedure and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a District Judge of these determination(s) and order(s) must serve and file any objections within fourteen days of being served a copy of this order, unless a different time is prescribed by the Magistrate Judge or the District Judge. *See* Fed. R. Civ. P. 72(a). Such objections must specifically designate the order, or part, to be modified or set aside and the basis for objection. The District Judge will set aside any portion of the Magistrate Judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997).