UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| VINCENT LAWRENCE,<br><br>        Plaintiff,<br><br>v.<br><br>LEXINGTON MOTORS INC. et al.<br><br><br><br><br><br><br><br>        Defendant. | Civil No. 24-CV-13002<br><br>**JURY TRIAL REQUESTED** |

**PLAINTIFFS SECOND VERIFIED AMENDED COMPLAINT**

**Preliminary Statement**

1. Vincent Lawrence ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the Massachusetts Telephone Solicitation Act, M.G.L., c. 159C, (the "MTSA"), the Massachusetts Unfair & Deceptive Trade Practices Act MGL c 93a et al

2. Defendants' Lexington Motors , Inc previous name of Lexington Toyota, Inc., ("Lexington") dba LEXMO BUSINESS TRUST and Sierra Club do not (1) maintain written policies and procedures regarding their text messaging marketing; (2) provide training to their personnel engaged in telemarketing; and/or (3) maintain a standalone do-not-call list.

1

3. Through this action, Plaintiff seeks injunctive relief to halt Defendants' illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of Plaintiff.

## JURISDICTION AND VENUE

4. The Massachusetts State Court has personal jurisdiction over Defendant Lexington Motors Inc., and Sierra because Lexington Motors Inc., is a corporation established within this district. Additionally, the defendant is a party in this case, and both the plaintiff and defendant are located within the state of Massachusetts, satisfying the requirements for personal jurisdiction under Massachusetts law.

5. The Massachusetts State Court has personal Jurisdiction over Defendants Lexington and Sierra and venue is proper in this District because A court of the commonwealth may exercise personal jurisdiction over a nonresident or his executor or administrator as to an action or proceeding authorized by this chapter. See MGL c 159 c Section 12.

6. The Massachusetts State Court has personal Jurisdiction over Defendants Lexington and Sierra and venue is proper in this District because MGL c 159 Section 13. "The remedies, duties, prohibitions and penalties provided in this chapter shall not be exclusive and shall be in addition to all other causes of action, remedies and penalties provided by law, including any applicable remedies pursuant to chapter 93A".

7. The Massachusetts State Court has personal Jurisdiction over Defendants Lexington and Sierra and venue is proper in this District because Defendants maintain their principal places of business in this District, direct, market, and provide their business activities to this District, because Defendants' unauthorized marketing scheme was directed

by Defendants to consumers in this District, and because Defendants transact business in Massachusetts and/or contract to supply services or things in Massachusetts.

8. The Massachusetts State Court has personal Jurisdiction over Defendants Lexington Motors Inc because they are a Corporation created in this district.

## PARTIES

9. Plaintiff ("Vincent Lawrence") is a natural person who, at all times relevant to this action, has been and is a resident of Boston, Massachusetts located in Suffolk County.

10. Defendant Lexington Motors , Inc previous name of Lexington Toyota, Inc., ("Lexington") dba LEXMO BUSINESS TRUST is a family owned Car dealership since 1977 with locations in Lexington, Arlington, Belmont, Cambridge, Waltham, Somerville, and Concord and is in the car sales and maintenance business.

11. Defendant Sierra Club is a California 501(c)(4) nonprofit organization first incorporated in 1892 and headquartered in Oakland, California, Sierra Club Store sells apparel and offers ways to support the organization's mission.

## FACTS

12. Defendants Lexington, and Sierra made unsolicited telephonic sales calls to Plaintiff without prior consent and in violation of applicable Massachusetts laws.

13. Plaintiff has received multiple unsolicited telephonic sales calls from Defendants over the course of 18 months.

14. Defendants failed to register with the Massachusetts Office of Consumer Affairs and Business Regulation (the "Office"), in violation of 201 C.M.R. § 12.04, which requires telephone solicitors to properly register on an annual basis before making calls to Massachusetts consumers which is contrary to the MTSA 159 c.

3

15. Defendants have failed to satisfy a basic threshold requirement under 201 C.M.R. § 12.04(3), which mandates that telephone solicitors must have an approved registration with the Office prior to soliciting any Massachusetts consumers.

16. In addition, Defendants failed to comply with the requirement under 201 C.M.R. § 12.04(3) to consult and adhere to the Massachusetts Do-Not-Call Registry.

17. On several occasions, Defendants made unsolicited calls to Plaintiff's telephone number despite Plaintiff's registration on the Massachusetts Do-Not-Call Registry. See Dates and times below.

18. Defendants made telephone solicitations outside of the permissible hours, including calls before 8:00 AM and after 8:00 PM, in violation of Section 3 of the MTSA.

19. Defendants text messages in their telephonic solicitations, violating the provisions of Section 3 of the MTSA, which prohibits such calls unless the consumer has provided prior express consent.

20. As a result of these violations, Plaintiff has received multiple unsolicited calls in violation of M.G.L. c. 159C, § 3, and has suffered harm, including loss of privacy, emotional distress, and financial costs. The text messages also occupied storage space on Plaintiff's telephone and wore down my battery.[1]

21. Under the MTSA, individuals such as Defendants Lexington and Sierra are personally liable for the acts alleged in this Complaint pursuant to MGL 159 c of Massachusetts Telemarketing Sales Act and the MGL 93 et al.

---

[1] "Even one unsolicited, automated text message" is "a concrete and particularized injury" that provides Article III standing. *Chennette v. Porch.com*, 50 F.4th 1217, 1222 (9th Cir. 2022).

22. Defendants Lexington and Sierra initiated a text message marketing campaign, in which it used and authorized third party telemarketers to make the calls (Text Messages) to plaintiff in an attempt sell their goods, services and promote defendants' Lexington and Sierra goods, services, location and hours.

23. Defendants Lexington and Sierra approved, wrote, or reviewed the third party's telemarketing scripts that where sent to plaintiffs on his cell phone that was registered on the Massachusetts State Do Not Call Registry.

24. The defendants Lexington and Sierra submitted the script and encouraged, directed, and authorized their third-party telemarketer agent to place the complained of outbound telemarketing text messages (Calls) to the Plaintiff on behalf of defendants Lexington and Sierra.

25. The third party telemarketers acted as agents for defendants Lexington and Sierra.

26. Defendants Lexington and Sierra gave the third party telemarketers authority to place the telemarketing campaign calls to the plaintiff as the defendants' Lexington and Sierra agents.

27. The defendants Lexington, Sierra and their agents allowed the third party telemarketers access to their information and systems that normally would be within its exclusive control, such as detailed information regarding the nature and pricing of its products and services and any individual telephone number that may have opted in to receive such text.

28. Defendants Lexington, Sierra, and their agents such as the president and compliance officers are personally liable under the "participation theory" of liability because they he are the controlling officer of Lexington and Sierra.

29. Defendants agents authorized and had personal participation and setting company policies and oversaw Defendants Lexington and Sierra day-to-day operations and were clearly involved in the business practices that violated the MGL 93a and MGL 159 (Telemarketing) , their agents authorized and knew of Lexington and Sierra telemarketing Text conduct and failed to intervene, and directed employees and/or agents or Third parties of defendants Lexington and Sierra to continue making those violations.

30. Defendants Lexington and Sierra and their agents are also personally liable because they were responsible for ensuring compliance with his corporations Lexington and Sierra including MGL 93a and MTSA compliance.

31. Defendants Lexington, Sierra and their agents knew (or reasonably should have known) their Texting Telemarketing Campaign was violating the MGL c 93a et al. and MTSA (or should have known) on its behalf and failed to make sure they were registered as solicitors in Massachusetts and to take effective steps within its power to force the telemarketer to cease that conduct. Any reasonable seller that accepts "warm transfer" calls from lead generators would, and indeed must, investigate to ensure that those calls were made in compliance with TCPA and MTSA rules and regulations.

32. Plaintiff is, and at all times mentioned herein is a "person" as defined by MTSA.

33. Defendants Lexington, Sierra, and their agents and third party telemarketers have caused multiple text messages to be transmitted to Plaintiff's cellular telephone numbers 857-225-3748 and 857-225-3862 without an emergency purpose or consent of plaintiff.

34. Plaintiff utilizes the cellular telephone numbers for personal purposes and the numbers are Plaintiff's residential telephone lines.

35. Defendants' Lexington, Sierra, and their agents and third party telemarketers strategy for generating new customers involves the use of an automatic telephone dialing system ("ATDS") to send unsolicited text messages without an opt out link.

36. Plaintiff began receiving an unusually high volume of text messages to my telephone numbers 857-225-3748 and 857-225-3862 from defendants Lexington, Sierra approximately 18 months ago.

37. Plaintiff registered his cellular telephone numbers 857-225-3748 and 857-225-3862 on the National Do Not Call Registry and the Massachusetts Do Not Call Registry over 31 days before he started receiving calls complained of in this Verified Amended Complaint from the defendants Lexington, Sierra.

38. Plaintiff is the subscriber and utilizes the cellular telephone numbers 857-225-3748 and 857-225-3862.

39. In sending the unsolicited text messages, Defendants Lexington, Sierra and their agents employed the use of an ATDS, hardware and/or software with the capacity to use a random or sequential number generator to either store or produce phone numbers to be called.

40. The Plaintiff has had no prior dealings, business transactions, or interactions with any of the defendants Lexington and Sierra contacting him at 857-225-3748 and 857-225-3862.

41. I have never conducted any business with these entities, nor do I have any outstanding obligations or connections to them. The Plaintiff's only association with these companies has been through the repeated, unsolicited calls and or text messages I received on my cellular telephone phone numbers.

## SIERRA TEXT MESSAGES TO PLAINTIFF

42. Here are just a few examples of text messages from defendants Sierra.

43. Defendants Sierra on February 1, 2024, at 12:34 AM calls was contrary to Statute 201 Mass. Reg. 12.02 "No telephone solicitor shall make or cause to be made an unsolicited telephonic sales call to a consumer 9:00 P.M. local time at the consumer's location.

44. Defendant Sierra also text plaintiff on December 8,2023, 10:27 am, and on December 27, 2023, at 3:11 PM which where contrary to the TCPA, MTSA

  

## LEXINGTON TEXT MESSAGES TO PLAINTIFF

45. Here are just a few examples of text messages from defendant Lexington.

46. Defendant Lexington sent the plaintiff two text messages withing a 12 month period 31 days after plaintiff telephone number was registered on the National and Massachusetts State Do Not Call Registries, without consent or for an emergency Purpose.

47. Lexington sent the first text message on Friday August 2, 2024, at 9:25 PM after the TCPA and MTSA time of 8pm and 9pm. This text message is contrary to making any calls after 8 pm under the MTSA and after 9pm under the TCPA local time at the consumer's location.

48. Defendant Lexington text plaintiff again on September 26, 2024 at 7 pm and then again on September 26, 2024 at 1:46 pm without consent or for an emergency purpose while plaintiff was registered on the National and Massachusetts state Do Not Call Registry for a total of 4 text messages.




49. Defendants' Lexington and Sierra failure to register as a telemarketer in Massachusetts which is a violation of each and every text message.

9

50. Defendant failed to get plaintiffs written express permission to text him were (1) knowing and willful; Defendants Lexington and Sierra did not provide training to their personnel and or agents engaged in telemarketing; and/or (3) failed to maintain a reassigned list of numbers from the FCC to scrub against their telemarketing list.

51. Under M. G. L., c. 159C § 8, Defendants Lexington and Sierra is responsible for Plaintiff's reasonable attorney's fees and costs.[2]

52. Defendants' Lexington and Sierra telephonic sales calls caused Plaintiff harm, including inconvenience, invasion of privacy, aggravation, annoyance, wear and tear to his cell phone, loss of battery charge and life, and per-kilowatt electricity cost required to recharge his cellular telephone as a result of increased usage of plaintiff's cell phone services and violation of his statutory privacy rights.

53. Defendants', Lexington and Sierra text messages also caused Plaintiff harm, including trespass, annoyance, nuisance, invasion of privacy, and intrusion upon seclusion.

54. Plaintiff has Article III, prudential and statutory standing to bring this lawsuit for violation of my privacy and unauthorized use and damage to my battery on my cellular telephone.

55. Defendants Lexington and Sierra sent more than 1 text message within a 12 month period.

## COUNT I
### (Violation of the MTSA )
### M.G.L., c. 159C, § 4 and 201 C.M.R. § 12.02(5) et al.

---

[2] "In a civil proceeding resulting from a transaction involving a violation of this chapter, the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall be awarded reasonable attorney's fees and costs from the non-prevailing party. M. G. L., c. 159C § 8

**Defendants Lexington and Seirra**

1. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

2. Defendants made unsolicited telephonic sales calls to Plaintiff while I was registered on the Nation and State Do Not Call Registry.

3. Defendants made these calls to Plaintiff without express written consent or permission, in violation of M.G.L., c. 159C, § 1.

4. Defendants falsified and displaced caller identification, in violation of M.G.L., c. 159C, § 4 (and 201 C.M.R. § 12.02(5).

5. Defendants failed to register with the Office, in violation of 201 C.M.R., § 12.04. Telephone solicitors making calls to Massachusetts consumers are required "to properly register on an annual basis with the Office."

6. Defendants have failed to satisfy a basic, threshold requirement for conducting telephone solicitations in Massachusetts, that telephone solicitors must "have an approved registration prior to soliciting any Massachusetts consumers." 201 C.M.R., § 12.04(3).

7. Defendants have also failed to comply with the requirement of 201 C.M.R. § 12.04(3) that they keep and consult the latest version of the Massachusetts do-not-call registry.

8. As a result of this conduct, Defendants have violated the MTSA, and they are liable to Plaintiff for damages, including actual damages or statutory damages of up to $5,000 for each MTSA violation, whichever is greater.

**COUNT II**
**Violation of the Massachusetts Telemarketing Sales**
**Do Not Call Provisions 159 c et al.**
**Defendants Lexington and Seirra**

9. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

10. Defendants made unsolicited telephonic sales calls to Plaintiff when Plaintiff cellular telephone number was registered with the Massachusetts do-not-call registry, in violation of M.G.L., c. 159C, § 3 (and 201 C.M.R. § 12.02(1).

11. As a result of this conduct, Defendants knowingly and willfully have violated the MTSA, and they are liable to Plaintiff for damages, including actual damages or statutory damages of up to $5,000 per violation, whichever is greater.

## COUNT III
## VIOLATION OF MASSACHUSETTS GENERAL TELEPHONE SOLICITATION REGULATION ACT
### 201 C.M.R. § 12.02 Calling before 8 AM and after 9 PM
### Defendants Lexington and Seirra

12. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

13. Defendants Lexington and Seirra violated 201 C.M.R. § 12.02 § (1) No telephone solicitor shall make or cause to be made an unsolicited telephonic sales call to a consumer if the consumer's name and telephone number appear on the then current quarterly "do not call" registry maintained by the Office of Consumer Affairs and Business Regulation as otherwise detailed within 201 CMR 12.03.

14. Defendants Lexington and Seirra violated (2) No telephone solicitor shall make or cause to be made an unsolicited telephonic sales call to a consumer between the hours of 8:00 p.m. to 8:00 a.m., local time at the consumer's location.

15. Defendants Lexington and Seirra (and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf) made unsolicited telephonic sales calls to Plaintiff

12

when Plaintiff was registered with the Massachusetts do-not-call registry, in violation of M.G.L., c. 159C, § 3 (and 201 C.M.R. § 12.02(1)).

16. Defendant Lexington called the plaintiff on 9:23 P.M. on Friday August 2, 2024, and Defendant Sierra called plaintiff on Feb 1, 2024, 12:24 AM, in the morning local time at the consumer's /plaintiffs location, both calls being after 9 pm which is contrary to 201 CMR 12.03 *(2) No telephone solicitor shall make or cause to be made an unsolicited telephonic sales call to a consumer between the hours of 8:00 P.M. to 8:00 A.M., local time at the consumer's location.*

17. Defendant called plaintiff before 8am and or after 9 pm Example on Tuesday November 21, 2023, at 1:26 AM in the morning thus invading plaintiffs privacy and violating the M.G.L., c. 159C, § 3 (and 201 C.M.R. § 12.02(1)) and the TCPA

## COUNT IV
## VIOLATION OF
### Violations of the Massachusetts Consumer Protection Act, G.L. c. 93A
### Defendants Seirra

18. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

19. At all times relevant the Defendant were engaged in trade or commerce within the meaning of G.L. c. 93A §2. And where not registered as a Telemarketer in Massachusetts with the Office of Consumer Affairs and Business Regulation before making telephone solicitations to the plaintiff a Massachusetts residents.

20. The Defendant have engaged in unfair and deceptive practices (acts) declared unlawful by G.L. c. 93A. Such acts of unfair competition include, but are not limited to, violations of the Telephone Consumer Protection Act, and the Massachusetts Telephone Solicitations Act, and the unreasonable invasion of Plaintiff's privacy and intrusion upon his seclusion.

21. Defendant engaged in unfair and deceptive practices (acts) which violated the MGL 93a when they refused to register with the office when they made telemarketing solicitation calls to the plaintiff, having failed to register with the Office of Consumer Affairs and Business Regulation before making telephone solicitations to the plaintiff a Massachusetts residents, and without so registering it violated 201 CMR 12.04 § 1, and defendants committed an Unfair and Deceptive act which is a separate per se violations of G.L. c. 93A.

22. The Defendant have engaged in unfair and deceptive practices (Acts) declared unlawful by G.L.c. 93A. Such acts of unfair competition when they failed to register like other lawful telemarketers before placing telemarketing solicitation calls to the plaintiff without consent while I was on the National & State Do Not Call Registry.

23. It was also an unfair and deceptive practices (acts) for the Defendant to harass Plaintiff through harassing telemarketing calls to Plaintiff's cellphone without his prior express written consent, or for an emergency purpose when defendants where not registered with the office as other telemarketers had to do.

24. The Defendant engaged in unfair and deceptive practices (acts) by systematically placing, on a large scale, unsolicited and harassing telemarketing calls to consumers in Massachusetts including the plaintiff in order to aggressively market their products and or services, which results in substantial injury to Massachusetts consumers in the form of invasions of privacy, while giving the Defendants an unfair competitive advantage over businesses that solicit business lawfully.

25. The Defendant' phone harassment campaign that has been unleashed onto Plaintiff is against public policy, Privacy, immoral, unethical, and oppressive, and caused Plaintiff substantial harm was unfair and deceptive practices (acts).

26. Plaintiff was not required to send the Defendants and Seirra a 30-day Massachusetts Consumer Protection Act, G.L. c. 93A, Demand Letter, because defendants do not have property or offices here in Massachusetts.

27. The Defendants' violations of G.L. c. 93A were willful and knowing when they called after 9 pm.

28. Plaintiff is entitled to an award of attorney's fees, Triple and actual and punitive damages, and the multiplication of same under the provisions of G.L. c. 93A, as to each of the Defendant, without the right of contribution.

29. An award of punitive damages is appropriate because Defendant' conduct described above was outrageous, willful, and wanton, and showed reckless disregard for the rights of Plaintiff and Massachusetts consumers, generally.

## PRAYERS FOR RELIEF SOUGHT

**WHEREFORE**, Plaintiff requests the following relief:

**A.** Injunctive relief prohibiting Defendants Lexington and Seirra from calling telephone numbers advertising their goods or services, except for emergency purposes, to plaintiff's telephone number on the Massachusetts Do Not Call Registry using an ATDS.

**B.** Because of Defendants' Lexington and Seirra violations of the Massachusetts Telemarketing Sales Act, using an ATDS Plaintiff seeks damages of up to $5,000 per violation, including actual damages or statutory whichever is greater.

**C.** Because of Defendants' Lexington and Seirra violations of the Massachusetts Telemarketing Sales Act, Do Not Call Registry Plaintiff seeks damages of up to $5,000 per violation, including actual damages or statutory whichever is greater.

**D.** Defendants' Lexington and Seirra violations of the Massachusetts Telemarketing Sales Act, not being registered with the Massachusetts Office of Consumer Affairs and Business Regulation (the "Office"), in violation of 201 C.M.R. § 12.04, which requires telephone solicitors to properly register on an annual basis before making calls to Massachusetts consumers which is contrary to the MTSA 159 c. Plaintiff seeks damages of up to $5,000 per violation, including actual damages or statutory whichever is greater.

**E.** Defendants Lexington and Sierra have failed to satisfy a basic threshold requirement under 201 C.M.R. § 12.04(3), to consult and adhere to the Massachusetts Do-Not-Call Registry Plaintiff seeks damages of up to $5,000 per violation, including actual damages or statutory whichever is greater.

**F.** Defendant Lexington and Sierra were not registered with the Massachusetts Office of Consumer Affairs and Business Regulation (the "Office"), in violation of 201 C.M.R. § 12.04, violate the MTSA and MGL c. 93 A. plaintiff request Triple damages, Treble damages, Punitive, statutory damages and attorney's fees under the Massachusetts Unfair & Deceptive Trade Practices Act G.L.c 93 A.

**G.** Defendants' Lexington and Seirra violations of the MTSA making unsolicited calls before 8:00 AM and or after 8:00 PM, in violation of Section 3 of the

16

MTSA Plaintiff seeks damages of up to $5,000 per violation, including actual damages or statutory whichever is greater.

## JURY TRIAL REQUESTED

Plaintiff request a jury trial as to all claims of the complaint so triable.

Respectfully submitted,　　　　　　　　　　　　February 17, 2025

*Vincent Lawrence*

Vincent Lawrence
857-225-3862
vlawrence02121@gmail.com
111 Atlantic Avenue, Apt. 208
Boston, MA 02110
857-225-3862
vlawrence02121@gmail.com

## Verification of the Second Verified Amended Complaint

Pursuant to 28 U.S.C. § 1746(2):

I, Vincent Lawrence, am the Plaintiff in this civil proceeding before this Court. I am over the age of 21 and have personal knowledge of the facts stated in this Second Verified Amended Complaint.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746(2), that the facts contained in this Second Verified Amended Complaint are true and correct to the best of my knowledge. I can testify in court regarding all details, including the unauthorized text messages sent to my personal cellular telephone without my consent or for any emergency purpose while I was on the Massachusetts Do Not Call Registry and the defendants where not registered with the Massachusetts Office of Consumers affairs and Business Regulation (the "Office") as a telephone solicitor.

Respectfully submitted,                            February 17, 2025
*/s/ Vincent Lawrence*
Vincent Lawrence
111 Atlantic Avenue, Apt 208
Boston, MA 02110
Vlawrence02121@gmail.com
857-225-3862

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December 2024 a true and correct copy of the foregoing documents was served upon the following counsel of record via electronic email, and U.S.P.S First Class mail.

Respectfully submitted,

*Vincent Lawrence*

Vincent Lawrence

857-225-3862

vlawrence02121@gmail.com

111 Atlantic Avenue, Apt. 208

Boston, MA 02110

857-225-3862

vlawrence02121@gmail.com

December 8, 2024

**Katharine C. Van Pelt**

Vanpelt@Litchfieldcavo.com

LITCHFIELD CAVO LLP

6 Kimball Lane, Suite 200

Lynnfield, MA 01940

(781) 309-1500 Tel

**Brian J. Bosworth**

bbosworth@HuntonAK.com

p 617.648.2748

Hunton Andrews Kurth LLP

60 State Street, Suite 2400

Boston, MA 02109


**THOMAS C. BLATCHLEY**

One Financial Plaza,

28 State Street, Suite 1050,

Boston, MA 02109

860-494-7525